UNITED STATES (SAN FRANCISCO v.).
See Case No. 12.316.

---

## Case No. 16,222.

### UNITED STATES v. SANTOS.

[5 Blatchf. 104.] [1]

Circuit Court, S. D. New York. Nov. 26, 1862.

MISDEMEANORS—FORFEITURE OF BAIL—ACQUITTAL.

Where a defendant in an indictment, who was on bail, departed the court without leave, during the trial, and the recognizance of bail was estreated and ordered to be prosecuted, but, the offence being only a misdemeanor, the trial proceeded in the absence of the defendant, and he was acquitted, the court, under the 6th section of the act of February 28, 1839 (5 Stat. 322), the bail being innocent, set aside the estreat, on the application of the bail.

This was an indictment for fitting out a vessel with intent to employ her in the slave trade. One James Murphy, as surety, entered into a recognizance for the appearance of the defendant, to abide the order of the court. The defendant [Joseph E. Santos] appeared and answered to the indictment, but, during the trial and before it was concluded, he departed, without the leave of the court. He was called and defaulted, and the recognizance was duly estreated and ordered to be prosecuted, but, as the offence charged was only a misdemeanor, the trial proceeded, and the defendant was acquitted by the jury.

Murphy now applied to the court, to be relieved from the default and estreat.

E. Delafield Smith, U. S. Dist. Atty.
James T. Brady, for the surety.

NELSON, Circuit Justice. The 6th section of the act of February 28, 1839 (5 Stat. 322), provides, that in case of the forfeiture of a recognizance in a criminal case, the court shall have authority, in its discretion, to remit the whole or a part of the penalty, whenever it shall appear that there has been no wilful default of the parties, and that a trial can, notwithstanding, be had in the case, and that public justice does not otherwise require the same penalty to be exacted. This case is rather stronger in favor of the application than those contemplated in the statute. Here the trial has been had, and the prisoner has been acquitted. The condition of the recognizance has been performed in fact, though not in contemplation of law, for the defendant has stood the trial. The case being a misdemeanor, it was competent to proceed with the trial in his absence. Although it must be assumed that the default was wilful, as it respects the prisoner, for aught that appears the bail is innocent, and he is the person most materially interested in the success of the motion. Under the actual circumstances of the case, I think that the breach of the condition of the recognizance is technical, and that it would be unreasonable to impose it. I shall, therefore, direct the default and estreat to be set aside. The bail must pay to the district attorney the costs of any suit that has been commenced.