## Case No. 15,004.

### UNITED STATES v. DUNCAN.

[2 Pittsb. Rep. 328; 4 West. Law Month. 425; 10 Pittsb. Leg. J. 41.]

District Court, W. D. Pennsylvania. 1863.

BAIL — FORFEITURE OF RECOGNIZANCE — RELIEF FROM—SURETY.

1. Act of congress of 28th February, 1838 [5 Stat. 321], authorizing the courts of the United States to relieve bail in certain cases, construed.

2. The courts in England had such power, independent of acts of parliament conferring it, which were held by the judges to be simply in affirmance of the common law.

3. The reasoning of Chief Justice Marshall, in U. S. v. Feely [Case No. 15,082], although delivered many years before the passage of the act of congress, sustains the power of the court to grant relief, as well after as before judgment.

4. A recognizance is a matter of record, and when forfeited, it is in the nature of a judgment of record, and when judgment is given the whole is to be taken as one record.

5. In the courts of the United States, the recognizance is estreated and sued in the same forum, and the court having power over the proceedings from the beginning may grant relief, even after judgment and execution in the hands of the marshal.

Scire facias sur recognizance. Rule to set aside judgment and spare the recognizance as to Duncan.

McCANDLESS, District Judge. A true bill was found at the May sessions, 1861, against Joseph Shoemaker, for making and passing counterfeit coin, in the resemblance and similitude of the coin coined by the mint of the United States. On the 5th day of Au-gust, 1861, the defendant, Robert Duncan, and Alexander McGregor, entered into recognisance for the appearance of Shoemaker at the following October sessions. He failed to appear, and the recognisance was forfeited. On the 26th of October, a sci. fa. was sued out, and served on Duncan the same day. No appearance or plea being entered, judgment nil dicit was entered, and the sum liquidated by the clerk at $3,000.

Duncan took out a bail piece, and dispatched a deputy marshal to the camp at Indianapolis, where it was alleged Shoemaker was engaged in the public service. As the military there was more potent than the civil power, the deputy failed to arrest him; but at a subsequent period, and after the date of the judgment, he was captured in this city and committed to prison by his bail, where he now remains in the custody of the United States marshal. An application is now made to relieve Duncan, one of the bail, under the authority delegated to the court, by the act of congress of 28th February, 1839, § 6 [5 Stat. 321]. Brightly, 283. This act provides, that "whenever it shall appear to the court, that there has been no wilful default of the parties, and that a trial can notwithstanding be had in the cause, and that public justice does not otherwise require the same penalty to be exacted or enforced," the court shall have authority in their discretion to remit the whole or a part of the penalty. If the wilful default here mentioned, was applicable to the act of the prisoner alone, the law would fail to extend relief to meritorious sureties, who, trusting in the integrity of the principal, were found in default, without any act or connivance on their part. The true construction of the act would seem to be, that where there is no collusion with the principal, no aid extended him to escape, or no effort made to defeat the ends of public justice, the court shall have power, in their discretion, to relieve the surety from the penalty of the recognisance. Here it appears that Duncan, instead of conniving at the absence of the principal, made every effort to arrest him, and finally succeeding in placing him in the custody of the United States officers. "A trial can be had" in his case; and, although it is alleged on the part of the government, that owing to the absence of material witnesses, it may not be a successful one for the prosecution, yet the bail does comply with the spirit of his undertaking, in placing the prisoner at the bar for trial. The absence of the witnesses on the part of the government is no default of his, but is one of the casualties to which all suits in courts of justice are subject. It is one of the chances which enure to the benefit of criminals, and one of the misfortunes incident to all public trials.

In the examination of this case, the court has entertained some doubt as to its power to extend this relief after judgment, after it

has become a debt of record against the defendant, and in favor of the United States. This power was exercised by the common law courts in England, and statutes were passed extending it, but they were all held to have been simply in affirmance of the common law. In 18 Vin. Abr. tit. "Recognisance," letter D, 167, 168, it is said, "If a recognisance is estreated into the exchequer, because not punctually complied with, yet if the party appears, and takes trial at the next session, he may compound for a very small matter in the court of exchequer, because the effect, though not the exact form of the recognisance is complied with; judges of the oyer and terminer are the proper judges, whether recognisances should be estreated or spared; and it is for the advantage of public justice that they should have such power, if upon the circumstances of the case they see fit." This shows the power exercised before judgment, in the sound discretion of the court. In England, the recognisance was estreated and sued in a different tribunal from that in which it was taken, and an interference after judgment might bring about a conflict of jurisdiction. But in the courts of the United States, the suit is brought in the same forum and subject to the same judicial cognisance. The court has not lost control over its record, and it may extend relief when a proper case is presented for its action. The opinion of Mr. Chief Justice Marshall, in U. S. v. Feely [Case No. 15,082], was delivered in 1813, before the passage of the act of congress heretofore recited, and was an application for relief before the recognisance was estreated, and before judgment, but the whole reasoning of that great chief justice sanctions the exercise of the power as well after as before judgment. In the case of Com. v. Denniston, 9 Watts, 142, the principal is recognised, that a recognisance is a matter of record, and when forfeited, it is in the nature of a judgment of record, and when judgment is given, the whole is taken as one record. The right of the governor, therefore, to remit, cannot be affected by proceeding to judgment on the recognisance, as the nature of the recognisance remains the same, after as before judgment. This being the case the act of congress affords us ample power in the exercise of a sound discretion to afford the relief prayed for. And as we are of opinion that the absence of the principal was no fault of the bail, and that he has done all in his power to repair the public injury by the surrender of the prisoner, he is entitled to the interposition of the court upon payment of costs.

The judgment is set aside as to Duncan, and the recognisance as to him, respited and spared upon payment of all the costs which have accrued upon the scire facias.

See Com. v. Davies, 1 Bin. 97; Com. v. McAnany, 3 Brewst. 292.