## UNITED STATES v. AMERICAN BONDING CO. OF BALTIMORE, MD.

### No. 5956.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1930.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash.

Schwellenbach, Merrick & Macfarlane and Robert S. Macfarlane, all of Seattle, Wash., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

KERRIGAN, District Judge.

On July 21, 1928, Nellie Brownlow executed a recognizance in the sum of $1,500 for her appearance to answer a charge of violation of the National Prohibition Act (27 USCA). The American Bonding Company, appellee herein, was the surety upon this bond. On November 9, 1928, the defendant, Nellie Brownlow, having been called to answer to the indictment, and having defaulted and failed to appear, the recognizance was forfeited, and a judgment nisi was entered. On November 23, 1928, the defendant appeared in court, entered a plea of guilty to the charge against her, and was sentenced. Subsequently a writ of scire facias issued, directed to defendant and to the American Bonding Company. The bonding company appeared and answered to the writ, and also filed its petition for a remission of the forfeiture of the recognizance. When the matter came on for trial, the court, jury having been waived, first tried the issues made upon the writ of scire facias, answer, and reply, and ruled from the bench that the forfeiture nisi be made absolute, directing judgment accordingly. This judgment was never entered. The court then heard evidence upon the petition of the American Bonding Company for remission of the forfeiture. Finding the bonding company innocent of wrong, the court entered judgment setting aside the judgment nisi of November 9, 1928, upon condition that the bonding company pay the sum of $650 into the registry of the court. From this judgment the United States appeals.

The sole question on this appeal is as to the power of the court to remit the forfeiture of a recognizance upon petition of an innocent surety where the default of the defendant principal has been willful.

The statutory authority for the remission of forfeitures is found in Rev. St. § 1020 (18 USCA § 601):

"When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

The controversial point herein is as to what is meant by the "willful default of the party." Appellant contends that the default referred to is that of the defendant, and that, where his default has been willful, there can be no remission of forfeiture, even though the surety may have been completely free from any complicity in the default.

While the reported decisions show a divergence of opinion upon this point, the Circuit Courts of Appeal which have been called upon to consider this question have uniformly adopted the view of appellant. United States v. Robinson, 158 F. 410 (C. C. A. 4); United States v. Fidelity & Casualty Co. of New York, 258 F. 444 (C. C. A. 3); Henry v. United States, 288 F. 843 (C. C. A. 7); Skolnik v. United States, 4 F.(2d) 797 (C. C. A. 7); Fidelity & Deposit Co. of Maryland v. United States, 293 F. 575 (C. C. A. 5); Weber v. United States, 32 F.(2d) 110 (C. C. A. 8). These decisions must be con-

sidered as superseding the contrary view of certain District Court cases within these circuits. United States v. Duncan, 25 Fed. Cas. 937, No. 15,004 (D. C. Pa.); United States v. Barger, 20 F. 500 (C. C. Pa.); United States v. Feely, 25 Fed. Cas. 1055, No. 15,082 (C. C. Va.); Griffin v. United States, 270 F. 263 (D. C. Ga.). There remains a group of cases from District Courts of other circuits, holding that a remission may be made on petition of an innocent surety, despite the willful default of the defendant. United States v. Santos, 27 Fed. Cas. 954, No. 16,222 (C. C. N. Y.); United States v. O'Leary, 275 F. 202 (D. C. N. Y.); United States v. Traynor, 173 F. 114 (D. C. Tenn.); United States v. Slaimen, 6 F.(2d) 464 (D. C. R. I.). A view contrary to that of the two New York cases cited above is expressed by Judge Ray in United States v. Fabata, 253 F. 586 (D. C. N. Y.).

It is apparent that the great numerical preponderance of the decided cases is in favor of the position taken by appellant here. So also is the weight of reasoning. The cases which support the view that a surety whose principal has willfully defaulted may nevertheless be relieved by remission of a forfeiture and construe the word "party" as meaning the "party seeking relief," either rule upon the matter without much discussion, relying upon authority decided when the statute provided that relief might be given in the absence of willful default "of the *parties*" (see Henry v. United States [C. C. A.] 288 F. 843, 844), or else lay stress upon the desirability of encouraging sureties to expend time and money to procure the return of defaulting defendants (United States v. Slaimen (D. C.) 6 F.(2d) 464). The primary purpose of a recognizance is to secure the presence of a defendant in court when required, and it is to that obligation that the surety has knowingly bound himself. The instances when a surety connives in the default of the defendant must be rare indeed. In practically every instance where a recognizance is forfeited the surety is innocent. To construe Rev. St. § 1020 (18 USCA § 601), to permit the remission of forfeitures in every such case is to virtually nullify the protection afforded to the government by the presence of the surety upon the bond, and is contrary to the entire tenor of that statute.

Accordingly, the petition of the American Bonding Company for a remission of the forfeiture, and the finding that it was without fault, afford no ground for relief. Reversed, with direction to enter judgment absolute, as at first directed by the court, upon the writ of scire facias.