## FIDELITY & DEPOSIT CO. OF MARYLAND v. UNITED STATES.

### No. 6139.

Circuit Court of Appeals, Ninth Circuit.
Feb. 24, 1931.

Williams & Cornelius, of Spokane, Wash., for appellant.

H. E. Ray, U. S. Atty., and Sam S. Griffin, W. H. Langroise, and Ralph R. Breshears, Asst. U. S. Attys., all of Boise, Idaho.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

This is an appeal from a judgment entered in pursuance of a hearing upon a writ of scire facias. Appellant was surety on a bail bond in the sum of $1,000 conditioned on one William E. Colgate as principal appearing before the United States District Court for the District of Idaho to be held in the city of Coeur d'Alene on the 27th day of May, 1929, term of court, and from time to time thereafter to which the cause may be continued, then and there to answer the charge of having violated the National Prohibition Act and to abide the orders and judgment of the court and not to depart from said district without leave thereof. The matter of enforcement of or remission of the penalty of the bond was by stipulation submitted on an agreed statement of facts.

Defendant Colgate appeared before the court on May 27, 1929, was arraigned and

plead not guilty, and his case set for trial on June 5, 1929, at the opening of court on that day. Colgate with his attorney was present at the time set, but by reason of other cases not having been completed his case was not called for trial until the hour of 1:30 p. m. When the case was called Colgate failed to answer, whereupon an order of forfeiture of bond was entered. At the instance of an agent of appellant, Colgate surrendered himself on June 10, 1929, and offered to plead guilty. A plea of guilty was entered on June 17th following, and sentence pronounced. Shortly before noon of June 5th defendant Colgate left the courtroom and went to his home in the city of Coeur d'Alene. Upon arriving at his home Colgate found a number of persons present. Along with two other men of the party he became intoxicated. Early in the afternoon of that day Colgate and the two parties mentioned went to Spokane, Wash., a distance of thirty-six miles, where they continued drinking intoxicating liquor. Agents of the bonding company were diligent in endeavoring to find Colgate, and finally located him at Spokane. In order to induce Colgate to return to the jurisdiction of the court, an agent of the bonding company agreed to furnish a new bond for the defendant in case that should be permitted.

It is stated in the brief of appellant that:

"Due to the fact that Colgate was dead at the time of the issuance of the writ, it was impossible to incorporate in the agreed statement of facts certain details which could have been supplied only through a statement from him."

It is the contention of appellant that the default of Colgate was not willful, and his subsequent return and plea of guilty made out a case for the exercise by the court of a legal discretion releasing it from liability upon the bond.

By section 601, 18 USCA, it is provided:

"When any recognizance in a criminal cause * * * is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

It was the conclusion of the trial court from the facts that "the only fair inference to be drawn from his conduct and acts is that he deliberately and intentionally disappeared and refused to appear in court at the time required." We cannot say that the facts do not warrant the inference drawn therefrom by the trial court and that the default was not "willful." Where a defendant leaves a courtroom knowing that his case is to be called within a few hours, proceeds to get intoxicated, and then to depart the jurisdiction of the court and remain without the jurisdiction for days until persuaded by his surety to return, it cannot be said, in the absence of other showing, that such default was attributable to excusable negligence. Mere innocence of the surety is not a defense to a proceeding of this character. United States v. American Bonding Co. (C. C. A.) 39 F.(2d) 428.

Judgment affirmed.