**UNITED STATES v. COSTELLO.**

No. 5673.

Circuit Court of Appeals, Sixth Circuit.

March 6, 1931.

**HICKS, Circuit Judge.**

On October 15, 1927, Tom Spraggins as principal and Costello and Morris as sureties executed a bail bond or recognizance in the sum of $1,000 before Lester H. Brenner, United States commissioner, conditioned upon the appearance of Spraggins for trial before the District Court at Memphis on the first Monday in April, 1928. Spraggins failed to appear, and judgment nisi was taken against him and his sureties on August 6, 1928. Scire facias was issued and served upon the sureties Costello and Morris. Spraggins was not found. On June 15, 1929, final judgment was entered against the sureties for the penalty of the bond and the costs. Thereafter, based on section 601, title 18 U. S. Code, 18 USCA § 601 (Rev. St. § 1020),[1] the surety Costello filed a petition for a reduction of the judgment, and the matter was heard, whereupon the court ordered that the bond or the judgment be reduced to the sum of $500, and that, upon the payment of that sum, the principal and sureties be relieved from further liability. Thereupon the government appealed.

The bill of exceptions is meager. It consists of the testimony of Costello. He related his advanced age and his physical and financial misfortunes. The court conceived that these matters, which, of course, have a natural appeal, were open for consideration by reason of the discretion vested in it by the statute. We reach a different conclusion. The court's discretion was not unlimited. It was a judicial discretion, to be exercised only whenever it appeared that there had been (1) no willful default of the party; (2) that a trial could, notwithstanding, be had; and (3) that justice did not require the penalty to be enforced. The law leaves no room for other considerations, however forceful. U. S. v. Robinson, 158 F. 410, 412 (C. C. A. 4); Henry v. U. S., 288.F. 843, 845, 32 A. L. R. 257 (C. C. A. 7); Fidelity & Dep. Co. v. U. S., 293 F. 575, 576 (C. C. A. 5). The burden was upon the surety to show that he was entitled to the benefit of the statute. We think he failed. "Wilful default of the party" means wilful default of the principal or the defendant rather than the surety. This has

H. L. Harper, of Memphis, Tenn. (Lindsay B. Phillips and David Hanover, both of Memphis, Tenn., on the brief), for the United States.

J. M. Bearman, of Memphis, Tenn. (Bearman & Bearman, of Memphis, Tenn., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

---

[1] "§ 601. Remission of penalty of recognizance. When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced. (R. S. § 1020.)"

been the uniform holding of the Circuit Courts of Appeal and of the later opinions of the District Courts. Henry v. U. S., supra; Fidelity & .Dep. Co. v. U. S., supra; Weber v. U. S., 32 F.(2d) 110, 111 (C. C. A. 8); U. S. v. American Bonding Co., 39 F.(2d) 428, 429 (C. C. A. 9). In carrying the statute into section 1020, Rev. St. (18 USCA §.601), from the original Act of February 28, 1839, 5 Stat. 322, § 6, the words "no wilful default of the parties" were changed to "no willful default of the party." The change was evidently meant to limit "wilful default" to the principal in the obligation. Earlier contrary opinions of District Courts in the Fourth and Fifth Circuits have been superseded by the opinions above cited from Circuit Courts of Appeal of those circuits.

■ Appellee attempted to negative "wilful default" of Spraggins by showing that Spraggins was dead. Death before the appearance date does exonerate. Taylor v. Taintor, 16 Wall. (83 U. S.) 366, 369, 21 L. Ed. 287. But the evidence upon this point is limited to the testimony of appellee that he "was told by some one that Spraggins was dead and had died shortly after the bond was made." Assuming that death may be proved in such a case by hearsay evidence, we think this testimony is insubstantial. It is from an unknown source, and comes through a materially interested witness, and carries no more than a suggestion that death may have occurred before appearance day. The District Judge evidently gave little credence to the proposition that Spraggins had died before he was required to appear, else he would probably have remitted the entire penalty instead of half of it. To relieve sureties upon such slender testimony would provide an avenue of escape for defendants, encourage forfeitures, and weaken the administration of the criminal laws.

Passing this question, we are yet confronted with the provision of the statute requiring that it appear that a trial can, notwithstanding, be had. It does not so appear. There was no evidence that the defaulting principal has been or may be apprehended or that the evidence against him was yet available. The charge was a violation of the National Prohibition Act (27 USCA). Various acts are denounced as violation of that law. Some are felonies and others misdemeanors. For certain of these offenses punishment by imprisonment is mandatory; for certain others it is discretionary; and for still others it is by fine. But, in case a fine or fine and cost is imposed, the court may commit the defendant to imprisonment for nonpayment. Section 641, tit. 18, U. S. Code, 18 USCA § 641 (Rev. St. § 1042). The particular offense with which Spraggins was charged does not appear. We infer that, whatever it was, it carried no more than a fine, because the court stated that it would have inflicted no greater punishment than a fine of $500; but, even in such a case, the power of the court to imprison for nonpayment of a fine cannot be exercised while defendant is at large. That a trial could be had under such circumstances is a paradox. See U. S. v. Mayo, 26 Fed. Cas. page 1230, No. 15,754.

Finally, there is nothing to indicate that "public justice does not otherwise require the same penalty to be enforced." (See note 1.) In the interest of justice, defendants enlarged on bail should be promptly forthcoming for trial. For obvious reasons, this is necessary to the ends of justice, even in cases where the punishment is by fine only. The only method devised except that of actual confinement, to make effective such appearances, is the enforced payment of recognizances and bail bonds. Such instruments are legal obligations, and, when merged into final judgment, are beyond the power of the court to modify, except as and when authorized by the statute in question.

Reversed.