**UNITED STATES v. SULVANI et al.**

District Court, W. D. New York.

Sept. 28, 1933.

Richard H. Templeton, U. S. Atty., and Willard R. Chamberlin, Asst. U. S. Atty., both of Buffalo, N. Y.

Alexander Taylor, of Buffalo, N. Y., for surety Joseph Andrasek.

KNIGHT, District Judge.

The facts are:

On July 28, 1929, an indictment was returned against John Sulvani, alias John Sullivan, and others. Joseph Andrasek and others became sureties on the bond of defendant given for the appearance of the defendant to answer the charge laid in the indictment. On January 21, 1930, the indictment was moved for trial, and Sulvani failed to appear.

Joseph Andrasek and other sureties on the bond aforesaid had due notice to appear on January 21, 1930, and produce the defendant for arraignment and trial. An order was then made estreating the bond.

On March 31, 1933, a writ of scire facias was issued, to which the said bondsmen have not answered. On June 26, 1933, the indictment was nolle prossed by order of this court.

Two questions are to be answered here: (1) Whether the nolle prosse affects the right of the government to proceed on the scire facias; and (2) if the right to proceed by scire facias is not affected by dismissing the indictment, whether the court may, in its discretion, remit the whole or a part of the penalty of the bond.

As to the first question, the answer is found in these decisions of the courts. United States v. American Bonding Co. of Baltimore (C. C. A.) 39 F.(2d) 428; United States v. Kelleher et al. (C. C. A.) 57 F.(2d) 684, 84 A. L. R. 414, and cases cited. Upon the authority of these cases, the surety is not entitled to dismissal of the writ of scire facias, as a matter of right.

As to the second question, the answer is found in the provisions of the statute. The statute provides: "Whenever it appears * * * that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced," this court may, in its discretion, remit all or part of the penalty. Section 601, title 18 USCA (R. S. § 1020). The three conditions stated must concur. No trial can now be had in the cause in question, and hence the court has no discretion in the premises.

Motion denied.