## UNITED STATES v. MACK et al.

District Court, E. D. New York.

May 7, 1934.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Louis Halle, of New York City (Milton R. Kroopf, of New York City, of counsel), for defendant Mack.

BYERS, District Judge.

Motion for an order of dismissal, made by the surety upon a bond given November 1, 1930, for release of a vessel seized under section 26 of title 2 of the National Prohibition Act (27 USCA § 40).

The undisputed facts are that on July 31, 1930, the collector of customs of this port arrested Cathell and Van Austin, and seized the motor boat Wanda while intoxicating liquors were being transported by the former two on the vessel.

On October 31, 1930, the owner of the Wanda and the defendant above named executed a bond for the release of the vessel, conditioned upon the return thereof on the day of the criminal trial of the individuals so arrested, and the bond having been approved, the vessel was released.

Cathell and Van Austin, having been indicted, appeared in this court on January 26, 1931, pleaded guilty to possession of intoxicating liquors incidental to transportation, and were sentenced.

The vessel was not then produced; nor was it at any time thereafter.

Action was brought at law upon the bond, the complaint having been filed on July 19, 1933, almost two and one-half years after the termination of the criminal proceeding.

There was nothing impetuous about that.

Answer was filed on August 25, 1933, which in effect merely put the government to formal proof.

The defendant now seeks dismissal because of the repeal of the Prohibition Law, the argument being that the bond was cancelled in effect by the adoption of the Twenty-First Amendment.

If no bond had been given, the vessel would have been subject to forfeiture when the individuals pleaded guilty to the indictment, under the terms of the statute; or the forfeiture could have been sought as the result of a libel filed for that purpose. The Harbour Trader (C. C. A.) 42 F.(2d) 858.

The forfeiture in either case would have been the result of judicial action independent of the judgment in the criminal cause. No such forfeiture has been had, and could not now be granted; nor could it have been after the effective date of the Twenty-First Amendment. U. S. v. Chambers & Gibson, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. ——, 89 A. L. R. 1510.

If this is so, it seems to be equally true that no judgment upon the bond which was given as bail for the vessel's return to the custody of the seizing officer can be entered, for otherwise the surety could be held while the res could not.

Motion granted. Settle order.