## UNITED STATES v. RUSSO.
### No. 33757.

District Court, E. D. New York.
June 5, 1934.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Frederick J. Peper, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Arthur A. Kestler, of Brooklyn, N. Y., for surety.

BYERS, District Judge.

Motion for an order cancelling a bond on which the above defendant was admitted to bail upon his arraignment before a United States Commissioner on a charge of transporting and possessing alcohol on August 16, 1932, in violation of the National Prohibition Act.

Defendant was held by the Commissioner, and subsequently an information was filed in this court, and he was notified to appear on January 3, 1933. His surety received a copy of that notice.

The defendant defaulted and on January 10, 1933, a bench warrant was issued for his arrest, which apparently was never served.

This bond was forfeited on January 3, 1933, and on January 24, 1933, an order of forfeiture was signed, providing for the issuance of a scire facias. Such writ was issued on that day, returnable on February 8, 1933. It was not served upon the surety, because on January 25, 1933, an order was signed in the Supreme Court of this state, vesting the properties and assets of the surety in the Superintendent of Insurance as liquidator, because of the company's insolvency.

On September 16, 1933, a proof of claim was filed by the United States in the amount of the bond, $1,000.00, based upon the said forfeiture.

The Twenty-First Amendment to the Federal Constitution became effective nearly three months later, and that is urged as the reason why this motion should be granted, i. e., that the surety should be relieved of its contract.

The bond was not given under the prohibition law, and U. S. v. Mack (D. C.) 6 F. Supp. 839, therefore does not control.

It is true that, if the defendant were to surrender, he could not be made the subject of a valid judgment of conviction (U. S. v. Chambers et al., 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763), but that does not prove that he did not wilfully default on January 3, 1933, or that his bond was not forfeited as stated.

If a trial of the defendant could be had and the surety were now to seek relief from the forfeiture, the inquiry would turn upon the wilfulness of the default. R. S. § 1020 (title 18, U. S. C. § 601 [18 USCA § 601]); U. S. v. Kelleher (C. C. A.) 57 F.(2d) 684, 84 A. L. R. 14.

If the defendant had died after January 3, 1933, the above statute would not avail the surety [Detroit Fidelity & Surety Co. v. U. S. (C. C. A.) 59 F.(2d) 565; U. S. v. Costello (C. C. A.) 47 F.(2d) 684] but death prior thereto would have accomplished exoneration. Taylor v. Taintor, 16 Wall. (83 U. S.) 366, 21 L. Ed. 287.

A nolle prosequi of the information, after the issuance of the scire facias, would not afford relief to the surety. Detroit Fidelity & Surety Co. v. U. S., supra; U. S. v. Sulvani (D. C.) 4 F. Supp. 775.

The foregoing and the cases therein cited make it clear that the sureties are not relieved of their contract obligations by conditions arising after the forfeiture and proceedings pursuant thereto.

Such was the enactment of the Twenty-First Amendment of the Federal Constitution, and that which the surety could not accomplish under the statute enacted for its relief under appropriate circumstances, it may not bring to pass under this motion.

If the foregoing is not correctly reasoned, there remains another aspect of the motion which must be considered. The Court is without jurisdiction to pronounce valid judgment

in this case, by virtue of the adoption of the Twenty-First Amendment, and perhaps it is equally without power to take the affirmative action which the surety seeks to have it take by this motion.

Motion denied. Settle order.