## UNITED STATES v. VINCENT.
### No. 4758.

District Court, D. Massachusetts.
April 11, 1935.

Francis J. W. Ford, U. S. Atty., and Joseph J. Hurley, Asst. U. S. Atty., both of Boston, Mass.

Lewis & McGrath, of Boston, Mass., for defendant.

McLELLAN, District Judge.

On March 7, 1931, Louis M. Vincent, hereinafter referred to as the petitioner, became surety on the bail bond of one Joseph Rizzo, alias, who was under indictment in this court. Subsequently, Rizzo, hereinafter referred to as the defendant, defaulted. The United States sued the petitioner upon his bond, and, in March, 1932, judgment was entered, execution issued, and levy was made upon the petitioner's property. The defendant, having served a jail sentence in New York, was turned over to federal authorities there, and, on November 3, 1934, was delivered to the federal authorities for this district on a default warrant. On November 8 the defendant was arraigned in this court, and on November 13 was placed on probation for a term of five years.

The present petition for remission of penalty was filed by the surety in March, 1935, and heard on April 8, at which time leave was given the petitioner to file a memorandum of authorities. The petitioner has, through his counsel, indicated his willingness to reimburse the government for the expenses incurred.

I find that the default of the defendant was willful, that the petitioner was not a party to such default, and that he made diligent search and spent considerable money in an attempt to apprehend the defendant.

United States Code, title 18, § 601, 18 USCA § 601 (United States Revised Statutes, § 1020), provides: "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

The first question here presented is whether the court, under this statute, has any discretion to remit in whole or in part the penalty under a bond, on petition of the innocent surety, where the default of the defendant principal was willful.

Though the reported decisions are in conflict on this point, those Circuit Courts of Appeals which have considered the question and the Court of Appeals of the District of Columbia appear to be in agreement, and the weight of authority, so far as it has come to my attention, seems to be that the judicial discretion conferred by the above-recited statute is not unlimited, and cannot be exercised unless, among other things, there has been no willful default of the defendant principal. See United States v. Kelleher, 57 F.(2d) 684, 84 A. L. R. 14 (C. C. A. 2); United States v. Fidelity & Casualty Company of New York, 258 F. 444 (C. C. A. 3); United States v. Robinson, 158 F. 410 (C. C. A. 4); Fidelity & Deposit Company of Maryland v. United States, 293 F. 575 (C. C. A. 5); United States v. Costello, 47 F.(2d) 684 (C. C. A. 6); Henry v. United States, 288 F. 843, 32 A. L. R. 257 (C. C. A. 7); Skolnik v. United States, 4 F.(2d) 797 (C. C. A. 7); Weber v. United States, 32 F.(2d) 110 (C. C. A. 8); United States v. American Bonding Company, 39 F.(2d) 428 (C. C. A. 9); Fidelity & Deposit Company v. United States, 47 F.(2d) 222 (C. C. A. 9); United States v. Walter, 43 App. D. C. 468, 469.

On the authorities cited, the facts in the case at bar bring it within the class of cases where the court has no discretion to remit the penalty of a bail bond.

The conclusion at which I have arrived in connection with the first question makes it unnecessary to consider whether, in a proper case, the court has the power to remit a penalty after final judgment against the surety and after the term at which the judgment was entered.

The petition for remission of penalty is dismissed.