### UNITED STATES v. CAPUA et al.
#### No. 6217.

Circuit Court of Appeals, Seventh Circuit.

Jan. 26, 1938.

James R. Fleming, U. S. Atty., of Fort Wayne, Ind., Luther M. Swygert, Asst. U. S. Atty., of Hammond, Ind., and Alexander 'M. Campbell, Asst. U. S. Atty., of Fort Wayne, Ind., for appellant.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge. .

LINDLEY, District Judge.

The government appeals from an order of the District Court dismissing a writ of scire facias issued upon its petition, wherein it sought to recover the penalty upon a defaulted bail bond in the sum of $1,000 executed by defendants as sureties.

This bond called for the appearance in court of the principal, one Crema, who had been indicted for violation of the National Prohibition Act, 27 U.S.C.A. § 1 et seq. The petition, filed on December 19, 1932, averred that the bond was given August 25, 1932; that the cause was called for trial on the 23d day of November, 1932; and that the principal was thereupon defaulted for failure to appear and the bond forfeited. After issuance and service of the writ, the sureties filed their written motion to dismiss, alleging that their principal was one of four defendants charged jointly with the violation of the National Prohibition Act; that at the trial on November 26, 1932, the defendants tried were found not guilty; that the sureties had not been able to find their principal and were advised that he had left the country and gone to Italy; that the indictment against the principal was dismissed on the 6th day of March, 1934; and that the default on the bond and all liability thereon were nullified by the repeal of the Eighteenth Amendment to the Constitution. The defendants urged also that the court should dismiss the scire facias under the discretion granted by the Acts of Congress. The motion was sustained and the cause dismissed.

The question of liability of the sureties must be determined by the condition existing at the time of the default. The judgment of forfeiture was a final judgment, at least to the extent of an adjudication of default for breach of conditions of the recognizance. The scire facias proceeding merely continued the forfeiture proceedings, in so far as the adjudication or forfeiture was concerned, and, if the sureties were legally liable under the facts and conditions as they existed at the time of the forfeiture, the fact that the criminal proceedings were thereafter dismissed is no defense to the scire facias. Detroit Fidelity & Surety Company v. United States, 8 Cir., 59 F.2d 565; United States v. Sulvani, D.C., 4 F.Supp. 775.

The repeal of the Eighteenth Amendment to the Constitution of the United States, subsequent to the forfeiture, did not nullify the liability of the sureties. The default occurred on November 23, 1932, and the National Prohibition Act, the basis of .the prosecution, continued in force until the adoption of the Twenty-first Amendment to the Constitution on December 5, 1933. The sureties were bound immediately upon the principal's default. When the condition of the bail bond was broken by the failure of the principal to appear, they became the debtors of the United States for the amount of the penalty. The subsequent repeal of the law upon which the prosecution was based and under which the bail was given, in no wise released them from liability. United States v. Mack, 295 U.S. 480, 55 S.Ct. 813, 79 L.Ed. 1559; LaGrotta v. United States, 8 Cir., 77 F.2d 673, 103 A.L.R. 527; National Surety Company v. United States, 8 Cir., 78 F.2d 407; United States v. Russo, D.C., 7 F.Supp. 391.

The Act of Congress defining the conditions under which the court may exercise discretion in granting relief to the sureties, 18 U.S.C.A. § 601, is as follows: "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default

of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced." Under this statute, before the court may grant relief, three conditions must be present. First, there must have been no willful default of the principal; second, it must be possible that a trial can be had, notwithstanding the default; and, third, it must be shown that public justice does not require that the penalty be enforced. The willful default mentioned in the statute is that of the principal and not that of the surety. Sun Indemnity Co. v. United States, 3 Cir., 91 F.2d 120. Before the latter may have relief, he must show there was no willful default upon the part of his principal. Henry v. United States, 7 Cir., 288 F. 843, 32 A.L.R. 257; Skolnik v. United States, 7 Cir., 4 F.2d 797; United States v. Kelleher, 2 Cir., 57 F.2d 684, 685, 84 A.L.R. 14; United States v. American Bonding Company, 9 Cir., 39 F.2d 428; United States v. Costello, 6 Cir., 47 F.2d 684; Fidelity & Deposit Company of Maryland v. United States, 9 Cir., 47 F.2d 222; Fidelity & Deposit Company of Maryland v. United States, 5 Cir., 293 F. 575; United States v. Robinson, 4 Cir., 158 F. 410; Weber v. United States, 8 Cir., 32 F.2d 110.

In other words, if there is a willful default by the principal, the court may not grant relief to the surety. The latter's actions, no matter how proper they may have been, do not justify a violation of the condition of the statute. The purpose of the recognizance is to secure the presence of the defendant and to that obligation the surety knowingly binds himself. Rarely if ever does he connive in the default of his principal. Therefore, Congress has provided that it is the conduct of the principal and not that of the surety which will justify remission of the penalty. Henry v. United States, supra; United States v. American Bonding Company, supra. Here the motion itself discloses that the principal defaulted; that he left the country and returned to Italy. He failed to appear in accordance with the terms of the recognizance. This was a willful default. Fidelity & Deposit Company of Maryland v. United States, 9 Cir., 47 F.2d 222; United States v. Shelton, D.C., 6 F.2d 897.

Accordingly, the judgment is reversed with directions to proceed in accordance with this opinion.