## UNITED STATES v. NORDENHOLZ.
### No. 4287.

Circuit Court of Appeals, Fourth Circuit.
April 5, 1938.

George B. Davis, Sp. Atty., Department of Justice, of Washington, D. C. (H. Clay Nash, Sp. Atty., Department of Justice, of Washington, D. C., and Bernard J. Flynn, U. S. Atty., and G. Randolph Aiken, Asst. U. S. Atty., both of Baltimore, Md., on the brief), for the United States.

Sophie K. Nordenholz, of Baltimore, Md., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from an order entered in the District Court of the United States for the District of Maryland, in June, 1937, which order directed the clerk of the court to strike out a bail forfeiture entered against the appellee, Frederick Nordenholz, here referred to as the petitioner, in March, 1930, in the case of United States of America v. William A. Dempsey.[1]

Dempsey was charged in the year 1927 with unlawfully shipping intoxicating liquors in interstate commerce in violation of section 240 of the Criminal Code, 18 U.S. C.A. § 390. In June, 1927, Dempsey gave bail before a United States Commissioner in the sum of $2,000 for his appearance before the District Court of the United States on the first day of the next term thereof, to be held in the city of Baltimore, or when summoned; and from time to time thereafter to which his case might be continued. The petitioner was surety on the bail bond.

Dempsey's Case was set down for arraignment and trial on March 10, 1930, and was postponed to March 17, 1930. Notices of these dates were issued by the clerk of the court and mailed to the principal and surety. The notices to the principal Dempsey were returned to the clerk undelivered. Dempsey failing to appear at the time and place of trial, March 17, 1930, the bond was declared forfeited and judgment entered against the surety, the petitioner, the same day. In March, 1931, on motion of the United States Attorney a nolle prosequi was entered in the case against Dempsey.

On March 22, 1937, the surety filed a petition praying that the forfeiture be stricken out. The United States filed an answer and the case was heard by the judge below upon the petition and answer. The court below found for the petitioner and entered the order complained of, from which action the United States brought this appeal.

There is no dispute as to the facts and the sole question involved is whether the judge below had the authority to strike out the forfeiture of the bail.

The statute which authorizes the remission of the whole or part of a penalty for the forfeiture of a recognizance in a criminal cause is section 1020, Revised Statutes, United States Code, title 18, § 601, 18 U.S.C.A. § 601, and reads as follows: "When any recognizance in a criminal cause, taken for, or in, or returnable to, any

---

[1] No opinion for publication.

court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

From a reading of the statute it will be seen that three conditions must be met before a court can exercise any discretion in the remission of the penalty: (1) It must be shown that there was no willful default of the party; (2) it must appear that a trial could, notwithstanding, be had; (3) the court must believe that public justice does not require that the penalty be enforced.

The words "willful default of the party" used in the statute clearly refer to the default of the principal and not to the default of the surety. United States v. Costello, 6 Cir., 47 F.2d 684, 685; United States v. American Bonding Company, 9 Cir., 39 F.2d 428. When the present statute was enacted the words "no wilful default of the parties" in the former statute, Act of February 28, 1839, § 6, 5 Stat. 322, were changed to "no willful default of the party."

The burden is on one seeking relief from a forfeiture of this character to bring himself within the plain language of the statute and show that the default of his principal was not willful. United States v. Costello, supra. This principal applies not only under the statute above quoted but in every case where affirmative relief is prayed for.

This burden was not borne by the petitioner here. There was no attempt made to prove that the absence of Dempsey was not willful and the petition does not even allege that his absence was not willful and offers no explanation of his failure to appear, other than the allegation that the notices mailed to Dempsey were returned to the clerk of the court undelivered. This showing is clearly insufficient. There is no allegation in the petition that the bondsman made any effort to locate his principal and produce him, in compliance with the terms of the bond. "When bail is given, the principal is regarded as delivered to the custody of his sureties." Taylor v. Taintor, 16 Wall. 366, 371, 21 L.Ed. 287. A surety owes to the court the duty of making some effort to see that his principal complies with the orders of the court. Here the petitioner knew that Dempsey's presence was required to answer the charge against him, yet does not allege that he made even the slightest effort to produce the man in his custody.

The failure of Dempsey to appear when required, unexplained, raises the presumption that his default was willful. Fidelity & Deposit Company v. United States, 9 Cir., 47 F.2d 222; Sun Indemnity Company v. United States, 3 Cir., 91 F.2d 120. It is not sufficient to say that there is nothing to show that the default was willful, it was necessary for the petitioner to show that the default was not willful. There is nothing in the record to show this fact.

It is equally true that the second condition necessary to give the court the discretion to remit the penalty has not been shown. Nor is it pertinent that the government had the case dismissed. The government may have dismissed the case because of Dempsey's default, yet the fact remains that, at the time of the filing of the petition, a trial of Dempsey could not be had.

We find ourselves very much in sympathy with the holding of the court below as to the dilatoriness of the government officials in the handling of the case against Dempsey. There can be no excuse for the delay and negligence shown by the record, yet no such showing can bring the petitioner within the plain and unambiguous words of the statute. As was said in United States v. Costello, supra: "The court conceived that these matters, which, of course, have a natural appeal, were open for consideration by reason of the discretion vested in it by the statute. We reach a different conclusion. The court's discretion was not unlimited. It was a judicial discretion, to be exercised only whenever it appeared that there had been (1) no willful default of the party; (2) that a trial could, notwithstanding, be had; and (3) that justice did not require the penalty to be enforced. The law leaves no room for other considerations, however forceful." See, also, United States v. Robinson, 4 Cir., 158 F. 410; United States v. Kelleher, 2 Cir., 57 F.2d 684, 84 A.L.R. 14; and authorities there cited.

The petitioner has not brought himself within the terms of the statute and the court below was in error in granting the relief prayed for.

Reversed.