## UNITED STATES v. ROSENFELD et al.
### No. 11523.

Circuit Court of Appeals, Eighth Circuit.
Feb. 26, 1940.

Rehearing Denied March 19, 1940.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (David M. Robinson, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellant.

George C. Dyer, of St. Louis, Mo., for appellees Charles S. Ladinsky and Moe Kanner.

Before WOODROUGH and THOMAS, Circuit Judges, and NORDBYE, District Judge.

NORDBYE, District Judge.

This is an appeal by the United States from a judgment vacating the forfeiture of the appearance recognizance of one John A. Rosenfeld, who had been indicted in the District Court for a violation of the mail fraud statutes. Recognizance was executed in the sum of $1,500. A plea of nolo contendere was entered on January 23, 1939, and the court indicated that a sentence of eighteen months in the penitentiary would be imposed. Upon Rosenfeld's request however, sentence was deferred until January 30, 1939, in order to permit further investigation of certain facts contained in the report of the Probation Officer. On January 30, 1939, Rosenfeld requested a further extension until February 6, 1939, which was granted upon the condition that a new bond in the sum of $3,000 be furnished. This was done with appellees Charles·

S. Ladinsky and Moe Kanner as sureties. On February 6, 1939, Rosenfeld failed to appear and his bond was declared forfeited by the court as to the principal and sureties. Prompt notice was given to the sureties of such forfeiture. It is stipulated between the parties that Rosenfeld's failure to appear on February 6, 1939, was wilful and deliberate.

It appears that, within a few days after January 30, 1939, Rosenfeld stored his furniture in St. Louis under an assumed name and went to Florida. On the same day that the forfeiture was entered, the United States filed its motion for judgment upon said forfeiture which motion was duly served upon the sureties. Upon receipt of notice, the sureties undertook to locate the defendant. They expended time and money in their efforts to do so, and finally located him in Chicago. They went to Chicago and took with them a Postal Inspector. Rosenfeld was arrested, brought into court and sentenced on March 6, 1939, and was thereafter incarcerated. The motion for judgment against the sureties was presented on the same day, and on March 8, 1939, the court vacated the forfeiture, conditioned upon the sureties' paying costs incurred in the sum of $100. This appeal followed.

The right of the court to release the sureties from the penalty of a bond forfeiture is found in Section 601, 18 U.S.C.A., which reads: "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

It is the position of the appellant that, in view of the admitted wilful default, no discretion rested in the court, upon judgment of forfeiture being entered, to remit the whole or a part of the penalty of the bond. Appellees take the position that Section 601 is not applicable because no judgment of penalty had been entered. That is, before any judgment had been entered against the sureties, Rosenfeld was apprehended largely through the aid and assistance of the sureties, and thereafter the court duly sentenced him and set aside the forfeiture

that had been entered. It is urged that the court retained full and complete jurisdiction during the term to modify or set aside "an interlocutory judgment"; that there was no final judgment of forfeiture. Apparently, it is appellees' position that there is no final judgment of forfeiture until a money judgment has been entered against the sureties.

That appellees' position is unsound seems clear. The forfeiture of the bond took place on February 6, 1939, when the court ordered that Rosenfeld's bond should be forfeited. The condition of the bond had been breached by his failure to appear. Any subsequent proceedings that may have taken place to enforce the penalty of the bond was a mere continuation of the proceedings in which the judgment of forfeiture was entered. Appellees confuse a judgment entered against sureties by way of a money judgment with an adjudication of forfeiture. Section 601 does not refer to the judgment against the sureties on the bond; it refers to the judgment of the court in forfeiting the recognizance. That the order of forfeiture is a final judgment upon the entry thereof is evident from the following cases. Detroit Fidelity & Surety Company v. United States, 8 Cir., 59 F.2d 565, certiorari denied, 287 U.S. 633, 53 S.Ct. 84, 77 L.Ed. 549; United States v. Capua et al., 7 Cir., 94 F.2d 292; United States v. Mack, 295 U.S. 480, 55 S.Ct. 813, 79 L.Ed. 1559, which cites with approval Detroit Fidelity & Surety Company v. United States, supra.

In Detroit Fidelity and Surety Company v. United States, supra, this court found that the default and adjudication of forfeiture occurred on September 26, 1930, and that a writ of scire facias was issued on the same day; that thereafter, on November 19, 1930, the principal died. In March, 1931, the indictment was nolled because of the principal's death. Judgment in the scire facias proceedings was thereafter rendered against the surety. The surety appealed. The court stated (page 568 of 59 F.2d): "* * * The question as to whether or not any liability accrued against the appellant must be determined by the conditions obtaining at the time of the default, and the adjudication of forfeiture was a final judgment, at least to the extent of a declaration that there had been a default or breach of the conditions of the recognizance. The scire facias proceeding is but a continuation of the forfeiture pro-

ceeding in so far as the adjudication of forfeiture is concerned, and, if the appellant was legally liable under the facts or conditions as they existed at the time of the forfeiture, the fact that subsequently the principal died and the criminal proceeding was therefore dismissed, would not constitute a defense in a proceeding of this nature."

In United States v. Capua et al., supra, the court used similar language, stating (page 293 of 94 F.2d): "The question of liability of the sureties must be determined by the condition existing at the time of the default. The judgment of forfeiture was a final judgment, at least to the extent of an adjudication of default for breach of conditions of the recognizance. The scire facias proceeding merely continued the forfeiture proceedings, in so far as the adjudication of forfeiture was concerned, and, if the sureties were legally liable under the facts and conditions as they existed at the time of the forfeiture, the fact that the criminal proceedings were thereafter dismissed is no defense to the scire facias."

The court having entered a judgment of forfeiture and this being a final judgment, in so far that it was an adjudication of default for breach of conditions of the recognizance, it follows that we must look to the statute for the court's power of remission. As observed in United States v. Mack, supra (page 488 of 295 U.S., page 817 of 55 S.Ct., 79 L.Ed. 1559): "The bail are bound at once upon the principal's default. 'If the condition of the bail bond is broken by the failure of the principal to appear, the sureties become the absolute debtors of the United States for the amount of the penalty.' United States v. Zarafonitis [5 Cir.] 150 F. 97, 99, 10 Ann.Cas. 290; United States v. Van Fossen, 28 Fed.Cas. No. 16,607, 357, at page 358; People v. Anable, 7 Hill. (N.Y.) 33. Collection may be enforced either by scire facias in the court which has possession of the record or by an ordinary suit in any other court of competent jurisdiction [Citing cases]. True, an appeal ad misericordiam may result, as with civil bail, in a remission of the penalty. This power of remission has been exercised from distant times both in the English courts [citing cases] and here. United States v. Kelleher [2 Cir.], 57 F. (2d) 684, 84 A.L.R. 14. For the courts of the United States it is now regulated by statute. Rev.St. § 1020, 18 U.S.C. § 601, 18 U.S.C.A. § 601."

It will be noted that the Supreme Court holds that upon a default, "the sureties become the absolute debtors of the United States." It was for the Congress, therefore, to determine under what circumstances the sureties may be relieved of such debt. The courts' authority to disturb this debt is not unlimited, and the authority that courts have generally over their judgments does not apply. A contract has been entered into between the sureties and the Government, and upon its breach the Government becomes possessed of certain rights. Control of the court over the indebtedness must be found in the governing statute. Congress has expressly prescribed the conditions which will vest discretion in the court to remit the whole or a part of the penalty. Wilful default of the principal precludes the exercise of such discretion. The aid and assistance of the sureties, their diligence, their good faith, or the apprehension and sentence of the principal, are immaterial if the default is wilful; that is, the court is without power to relieve or modify the penalty because jurisdiction is absent. The Federal courts are now in practical unanimity in sustaining this view. United States v. Robinson et al., 4 Cir., 158 F. 410; Henry v. United States, 7 Cir., 288 F. 843, 32 A.L.R. 257; Fidelity & Deposit Co. v. United States, 5 Cir., 293 F. 575; Weber v. United States, 8 Cir., 32 F. 2d 110; United States v. American Bonding Company, 9 Cir., 39 F.2d 428; United States v. Costello, 6 Cir., 47 F.2d 684; Sun Indemnity Company v. United States, 3 Cir., 91 F.2d 120.

One may urge that the purpose of the forfeiture is not to enrich the public treasury, nor to compensate the Government beyond its actual loss or prejudice. Some courts indicate the view that the limitation on the court's discretion is directed to the expedition of the administration of justice, to obtain uniformity, and insure an orderly procedure in the trial of criminal cases. But whatever may have motivated the framers of the statute, it is clear that the courts have no alternative but to follow its mandate. Under the admitted facts, the recognizance herein was forfeited by reason of the wilful default of the principal. The court had no jurisdiction to remit the penalty.

It follows that the order and judgment appealed from must be reversed, and that judgment be entered against the appellees for the full amount of the bond.