## UNITED STATES v. REED et al.

### No. 9627.

Circuit Court of Appeals, Fifth Circuit.

Feb. 27, 1941.

H. S. Phillips, U. S. Atty., of Tampa, Fla., Wm. A. Paisley, Asst. U. S. Atty., of Jacksonville, Fla., and Hayford O. Enwall, Asst. U. S. Atty., of Miami, Fla., for appellant.

Elmore Cohen, of West Palm Beach, Fla., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On September 22, 1937, an indictment was returned against James Murray charging him with violation of 18 U.S.C.A. § 398. Earl J. Reed and Giles J. Gentry, as sureties, furnished bond for $3,000 and Murray was released. Murray defaulted and it is alleged by his bondsmen that he "left the jurisdiction of the court because of his inability to contact his attorney", and because he was "fearful that he might be forced into trial without counsel." The bond was forfeited, a writ of scire facias was issued, and the bondsmen, Reed and Gentry, filed answer to the writ. The court held that the answer was insufficient as a defense to the writ of scire facias, but considered it as a petition for remission of the penalty and thereupon entered judgment remitting the penalty of the bond save as to $1,000. The government appealed.

The appellees' motion to dismiss the appeal is not well taken. The record has been condensed by stipulation of the parties, there is no disagreement as to the material facts of the case, and no good purpose could

be served by ordering further amplification of the record. The appellees contend that the appeal was not taken within three months as provided by 28 U.S.C.A. §. 230. The judgment appealed from is dated February 20, 1940, and was entered on February 21, 1940. The notice of appeal was filed May 21, 1940. This was within the three month limit provided for by the statute, for the day of entry of the judgment must be excluded in computing the time. United States v. Beaman, 5 Cir., 61 F.2d 493; In re Hurley Mercantile Co., 5 Cir., 56 F.2d 1023. Cf. Vaughan v. American Ins. Co., 5 Cir., 15 F.2d 526; Walters v. Baltimore & O. R. Co., 3 Cir., 76 F.2d 599. The motion to dismiss the appeal is denied and we consider the case on its merits.

The applicable remission statute, 18 U.S.C.A. § 601, provides that the court may, in its discretion, remit the whole or any part of a penalty whenever it appears (1) "that there has been no willful default of the party", (2) "that a trial can, notwithstanding, be had", and (3) "that public justice does not otherwise require the same penalty to be enforced".

 Upon default of the principal the amount of the bond becomes a debt absolutely owing by the sureties to the United States. Congress enacted the remission statute to provide relief in meritorious cases. Under the statute, however, remission is not a matter of right and the court's discretion is not unlimited. The conditions which must be met are expressly prescribed by the act and one who seeks remission of a penalty must first prove that there has been no willful default, that a trial can be had, and that public justice does not require enforcement of the penalty. Until the statute is satisfied as to these requirements no discretion is vested in the court and it has no jurisdiction to remit the penalty. United States v. Rosenfeld, 8 Cir., 109 F.2d 908; United States v. Nordenholz, 4 Cir., 95 F.2d 756; United States v. Capua, 7 Cir., 94 F.2d 292; Sun Indemnity Company v. United States, 3 Cir., 91 F.2d 120; United States v. Costello, 6 Cir., 47 F.2d 684.

 In the case at bar it is clear that the default of Murray was entirely willful and that the first prerequisite of the remission statute was not and could not be met. It follows, therefore, and we hold, that the court below was without jurisdiction to relieve, modify, or remit the penalty.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded.