UNITED STATES v. HICKMAN et al.
No. 8888.

Circuit Court of Appeals, Seventh Circuit.
June 11, 1946.

J. Albert Woll, U. S. Atty., and John Peter Lulinski and Kenneth S. Nathan, Asst. U. S. Attys., all of Chicago, Ill., for appellant.

Henry L. Balaban, of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

Defendants, Hickman as principal and Parker as surety, executed a recognizance bond before a United States Commissioner, conditioned upon the appearance of the principal on April 3, 1945, in connection with a violation of 18 U.S.C.A. § 408e. The recognizance bond contained the usual provisions for judgment by confession in the event of default. Hickman failed to appear. The Commissioner entered an order forfeiting the bond and on April 6, 1945, a judgment was entered against defendants for $2,500, the penalty of the bond and costs. April 18, 1945, Hickman was apprehended by the agents of the Federal Bureau of Investigation at Kansas City, Missouri. April 24, 1945, the surety filed a petition to vacate and set aside the judgment. Plaintiff answered, opposing the granting of the petition on the ground that Hickman's failure to appear was willful. A hearing was had, and the court entered an order vacating and setting aside the judgment. To reverse the order, plaintiff appeals.

The purpose of a recognizance bond is to secure the presence of the defendant and to that obligation the surety knowingly binds himself. By the terms of a recognizance bond the defendant agrees to "appear for judgment," Con-

tinental Casualty Co. v. United States, 314 U.S. 527, 530, 62 S.Ct. 393, 86 L.Ed. 426, and if the condition of the bail bond is broken by the failure of the principal to appear, the surety becomes the absolute debtor of the United States for the amount of the penalty. United States v. Mack, 295 U.S. 480, 488, 55 S.Ct. 813, 79 L.Ed. 1559. The Remission of Penalty of Recognizance Statute, 18 U.S.C.A. § 601, restricts the power of courts to relieve a defaulting defendant from the penalty of a bond which has been breached, and controls the circumstances under which the court may remit a recognizance bond. It provides that the court may, in its discretion, remit the whole or any part of a penalty whenever it appears "there has been no willful default of the party." Under this statute, jurisdiction to grant remission is conditioned upon certain prerequisites, the first of which is the showing of no willful default on the part of the principal in the bond. United States v. Capua, 7 Cir., 94 F.2d 292. Remission, however, is not a matter of right and the court's discretion is not unlimited. United States v. Reed, 5 Cir., 117 F.2d 808. The burden is not upon the plaintiff to show that the default was willful, but upon the defendant to show that it was not willful, United States v. Costello, 6 Cir., 47 F.2d 684, and United States v. Nordenholz, 4 Cir., 95 F.2d 756, 758. In other words, if there is a willful default by the principal, the court may not grant relief to the surety. United States v. Capua, supra, 94 F.2d 294. And in considering whether the default was willful, the aid and assistance of the surety, his diligence, his good faith, or the apprehension of the principal, are immaterial, United States v. Rosenfeld, 8 Cir., 109 F.2d 908, 910, and until the statute is satisfied that the default was not willful, no discretion is vested in the court and it has no jurisdiction to remit the penalty, United States v. Reed, supra, 117 F.2d 809.

In the order setting aside the judgment, the court found that when the case was called before the United States Commissioner, certain police officers of the city of Chicago were on hand to apprehend Hickman for an assault by Hickman upon his wife; that the surety asked the Commissioner to enter a forfeiture "so he could apprehend the said James Hickman personally"; that the surety laid aside all other business and concentrated on the apprehension of Hickman; that he paid $500 for information, which information he gave to the Federal Bureau of Investigation; that he personally made two trips to Kansas City, Missouri, in connection with the apprehension of Hickman; and that Hickman was arrested by the joint efforts of the surety and the Federal Bureau of Investigation. Based upon these facts, the court concluded that Hickman's default was not willful.

■ In the state of this record it is not clear that the court found as a fact that Hickman's default was not willful, but if we assume that the court found that the default was not willful, our examination of the record has convinced us that such a finding is not supported by the evidence, and is therefor clearly erroneous.

The order of the District Court is reversed.