**UNITED STATES of America**

v.

**Ralph ROCK and Joseph Solomon.**

**Civ. A. No. 9276.**

**Revival of Civ. A. No. 5400.**

United States District Court,
W. D. Pennsylvania.

Oct. 6, 1954.

John A. DeMay, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Harold Gondelman, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter relates to a petition to lift the forfeiture of a bond executed by Joseph Solomon as surety for Ralph Rock, defendant in Criminal Action E–4086.

The recognizance bond contained the usual provisions for confession of judgment in the event of default. Rock failed to appear and on December 10, 1945 said bond was forfeited. On January 10, 1946 judgment was entered in favor of the United States and against Joseph Solomon in the amount of $1,000 at Civil Action No. 5400. Said judgment was revived on February 8, 1951 at Civil Action 9276.

On February 23, 1950, pursuant to a bench warrant and through the cooperation and efforts of the surety, Joseph Solomon, the defendant was apprehended, subsequently tried, convicted and sentenced.

On the date of forefeiture it was stated by my late associate, Judge Gibson, that if petitioner surety would apprehend the defendant and place him in the custody of the law, consideration would be given by the court to the reinstatement of the bond. However, if the government was forced to bear the expense of apprehending the defendant, the bondsman should not be excused from the payment of expense incurred.

Relying on this comment, petitioner's counsel contends that since the present proceeding relates to a revival of the judgment originally entered on the bond, the Federal Rules of Criminal Procedure, 28 U.S.C.A., which became effective on March 21, 1946 should be applied even though the forfeiture was entered prior to the effective date of said Rules. He further contends that in view of the comment of the late Judge Gibson, the Court in the exercise of its discretion should reinstate the bond on payment of the expenses incurred by the government incident to the apprehension of the defendant.

Although meritorious efforts were extended by the bondsman to apprehend the defendant, it is not in dispute that the defendant willfully failed to appear.

Before the Federal Rules of Criminal Procedure went into effect on March 21, 1946, the power of the federal courts to remit judgments on forfeited appearance bonds stemmed from, and only from, Revised Statutes § 1020, 18 U.S.C.A. § 601.* Under this statute, the first, and an essential, requisite for remission was a showing of non-willfulness of the principal's default. This was true, even though the surety had made herculean (but unsuccessful) efforts to secure the principal's appearance. U. S. v. Legg, 4 Cir., 157 F.2d 990; U. S. v. Hickman, 7 Cir., 155 F.2d 897.

■ Where a judgment forfeiting an appearance bond was obtained under old law and procedure before effective date of Federal Rules of Criminal Procedure, such judgment can be remitted only according to the old law of remission, and where judgment is obtained under the new law and procedure, then the new power of remission obtains. 18 U.S.C.A. § 601; U. S. v. Legg, supra.

■ Where judgment forfeiting appearance bond was obtained before effective date of Federal Rules of Criminal Procedure, the judgment could not be remitted without a showing of non-willfulness of principal's default, though such a showing was not required under the Rules of Criminal Procedure. 18 U.S.C.A. § 601; U. S. v. Legg, supra.

■ The revival of the judgment entered on the forfeiture of the appearance bond which was to be obtained under the law and procedure which existed on the date of the forfeiture is not governed by the Federal Rules of Criminal Procedure which were adopted subsequent to the entry of the original judgment, and since the action of the defendant was willful, no authority exists on the part of the court to reinstate the bond in whole or in part.

Petition is refused and an appropriate Order is entered.

* Now Fed.Rules Crim.Proc. rule 46(f) (1, 2), 18 U.S.C.A.