### UNITED STATES v. TAYLOR et al.

(District Court, M. D. Tennessee, Nashville Division. August 13, 1921.)

No. 1566.

1. **Criminal law ⚖100(3)—Court may waive prior exclusive jurisdiction over defendants.**

A court which has acquired a prior and exclusive jurisdiction over defendants, with which no other court may interfere, may waive such exclusive jurisdiction, since the prior exclusive jurisdiction is a right of the court itself, and not a personal privilege of the defendants.

2. **Criminal law ⚖100(3)—Court may waive prior and exclusive jurisdiction over bailed defendant.**

A court may waive a prior and exclusive jurisdiction over a defendant, though such defendant is out on bail.

3. **Bail ⚖74(1)—Court, by yielding prior and exclusive jurisdiction over bailed defendant, exempts sureties from further liability.**

A court with prior and exclusive jurisdiction over defendant, by yielding jurisdiction to other court, exempts the defendant's sureties from further liability.

4. **Criminal law ⚖100(3)—Right of court having prior jurisdiction extends merely to jurisdiction over defendant's person.**

The right of a court having prior jurisdiction over a defendant extends merely to jurisdiction over the person of the defendant, and not to the right of criminal prosecution.

5. **Criminal law ⚖100(3)—Prior commencement of criminal proceedings in state court not ground for abatement of indictment in federal court.**

Pendency of criminal proceedings in a state court, commenced before institution of proceedings against the defendants in the federal court, is not ground for abatement of the indictment returned in the federal court, since the right of prior jurisdiction extends merely to jurisdiction over the defendant's person, and is not ground for abating a subsequent indictment, which may be returned without previous arrest or custody of defendant.

---

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Wash Taylor, James Robertson, Theo Dismukes, and others were indicted for violating Penal Code, § 143, denouncing as a crime the rescue of prisoners. On demurrer by the United States to a plea in abatement by certain defendants. Sustained.

Indictment against Wash Taylor and six other defendants for alleged violation of section 143 of the Penal Code (Comp. St. § 10313). Plea in abatement by the defendants James Robertson and Theo. Dismukes on the ground of prior jurisdiction of the State of Tennessee acquired in pending criminal proceedings commenced against them before the institution of the proceedings in the Federal court, in which they had been previously held for trial on a criminal charge to the circuit court of Lincoln County, Tennessee, and the defendant Dismukes committed to the jail of said county in default of bail. Demurrer by the United States to this plea. Sustained.

Wm. Howard Ewing, of Nashville, Tenn., Asst. U. S. Atty.

Sam C. Tigert, of Fayetteville, Tenn., for defendants.

SANFORD, District Judge. The defendants plead in abatement the prior jurisdiction of the State of Tennessee as obtained through the proceedings alleged in the plea in connection with their arrest and custody on a criminal charge under the laws of Tennessee.

[1-3] I assume that on the alleged facts the State court has, under the rules stated in Taylor v. Taintor, 16 Wall. 366, 370, 21 L. Ed. 287, and In re Johnson, 167 U. S. 120, 124, 17 Sup. Ct. 735, 42 L. Ed. 103, acquired a prior and exclusive jurisdiction over the defendants, with which no other court may interfere. This is, however, primarily the right of the court itself, and not the personal privilege of the defendants, and may be either insisted upon or waived by that court. Beavers v. Haubert, 198 U. S. 77, 85, 25 Sup. Ct. 573, 49 L. Ed. 950; United States v. Dillin (6th Circ.) 168 Fed. 813, 821, 94 C. C. A. 337; Ex parte Marrin (D. C.) 164 Fed. 631, 637; United States v. Marrin (D. C.) 227 Fed. 314, 318.[1] Nor in the case of a bailed defendant is the yielding of jurisdiction by the court of prior right defeated by the implied custody of his sureties; although they would be thereby exempt from further liability to produce him. Taylor v. Taintor, 16 Wall., supra; Beavers v. Haubert, 198 U. S., supra, at page 85, 25 Sup. Ct. 573, 49 L. Ed. 950.

[4, 5] I am of opinion, however, that this right of the prior court is one which extends merely to jurisdiction over the person of the defendant and not to the right of criminal prosecution; and that, even if it can ever be invoked by the defendant himself, it is nevertheless not ground for abating a subsequent indictment in another court— which may be returned without previous arrest or custody of the defendant—but goes at most to the validity and effect of the process under which it may be sought to arrest him in the second case, and the right of the second court to proceed to his trial and sentence, that is, to those matters which relate to the assertion of actual jurisdiction over the person of the defendant. See Stallings v. Splain, 253 U. S. 339,

---

[1] See, by analogy, the subsequent decision in Ponzi v. Fessenden, 258 U. S. 254, 42 Sup. Ct. 309, 66 L. Ed. —— (March 27, 1922). Also, United States v. Lanza, 260 U. S. ——, 43 Sup. Ct. 141, 67 L. Ed. ——.

342, 40 Sup. Ct. 537, 64 L. Ed. 940. Thus in United States v. Wells, (D. C.) 28 Fed. Cas. 522, 524, No. 16,664, it was held that although the defendant had been improperly taken from the prior custody of the State court, the subsequent indictment returned against him in the Federal court should not be abated, but he should instead, be left to be dealt with by the State authorities.

I hence conclude that the demurrer to this plea in abatement should be sustained.

The question whether, hereafter, in the event prior jurisdiction of the State court is shown over the person of the defendants, this court may properly proceed with their trial merely because of lack of affirmative objection thereto on the part either of the State authorities or the sureties on Robertson's bail bond in the State court, or whether it should decline to proceed with the trial except upon affirmative evidence that either the State authorities or such sureties have affirmatively yielded jurisdiction to this court, is one which is not now determined. See in this connection: Ex parte Marrin, 164 Fed., supra, and United States v. Marrin, 227 Fed., supra; 15 Corp. Jur. 1166, citing Metcalf v. State, 57 Okl. 64, 156 Pac. 305, L. R. A. 1916E, 595, to the effect that a defendant released on bail in a State court is subject to arrest in a Federal court; also arguendo, United States v. Van Fossen (C. C.) 28 Fed. Cas. 357, No. 16,607, Wales v. Whitney, 114 U. S. 564, 5 Sup. Ct. 1050, 29 L. Ed. 277, Spring v. Dahlman, 34 Neb. 692, 52 N. W. 567, and 17 Corp. Jur. 441.

Nor is it intended to intimate that if Dismukes be in fact in the actual prior custody of the State authorities the Marshal would be authorized, unless he is surrendered by them, to take him from their custody for trial in this court. See United States v. Wells, 28 Fed. Cas., supra.