## UNITED STATES v. BURL et al.
### No. 16240.

District Court, E. D. Illinois.
July 30, 1946.

584

William W. Hart, U. S. Dist. Atty., of East St. Louis, Ill., for the United States.

Ray Hendricks and Robert Rutledge, both of East St. Louis, Ill., for petitioner Mose Allen.

WHAM, District Judge.

For a general statement of the case I quote the first paragraph of the memorandum filed herein by the United States Attorney: "Abraham Burl was indicted and Mose Allen executed bond on which he was released. At the time of his indict-ment in this Court, Burl was then at liberty on a bond given in a state case in Missouri. After his release on bond in this District he returned to Missouri where he lived and his bondsman there caused him to be surrendered and he was sentenced on the charge there pending. He was in jail in St. Louis and therefore did not appear when his case was called in this Court and his bond was forfeited, and motion for judgment on the recognizance in the amount of $2,000.00 was filed. On behalf of the surety, Mose Allen, a petition for remission of the penalty was filed setting up the fact that Burl was in jail in St. Louis awaiting trial when due to appear here for trial, and that therefore his default was not willful. An amendment to the petition later filed showed that after serving a sentence in St. Louis, Burl appeared in this Court and was sentenced but execution was suspended and he was allowed probation." A stipulation of the facts filed as evidence at the hearing supports the foregoing statement.

The stipulation and the record in the case show further facts which are pertinent: Defendant Burl, in January, 1944, was arrested in St. Louis on a charge of larceny and was released on bond for appearance on said charge which was pending in the Circuit Court of St. Louis, Missouri, at the time he was indicted and at the time he was released on bond in this court. The federal offense with which he was charged in the indictment in this court was committed on March 24, 1944, while he was at large on the St. Louis bond. Burl was arrested by federal officers in St. Louis on April 1, 1944, on a complaint filed in this district and in due course was removed to this district by order of the United States District Court, Eastern District of Missouri entered on April 4, 1944. Burl, as principal, and Mose Allen as surety, entered into the recognizance for appearance before the United States Commissioner in this district on April 10, 1944. Burl was indicted in this district on May 15, 1944, and was released on bond for $2,000 with Mose Allen as surety, which bond is the basis of this proceeding. Burl appeared before this court and entered a plea of guilty on June 6, 1944. Imposition

of sentence was deferred to June 12, 1944, pending presentence investigation by the court's probation officer. On June 12, Burl, having been arrested in St. Louis by the surety on the prior bond given for his appearance in the Circuit Court in St. Louis, failed to appear in this court on June 12, 1944, and a forfeiture was entered on his bond. He was thereafter convicted on said charge in the St. Louis court, served his sentence and was immediately thereafter returned to this court for disposition.

It is the contention of the surety that the default of the principal was not willful and for that reason and by reason of the further facts that Burl later appeared for sentence in this court and the government suffered no injury this court may and in its discretion should allow a remission of the penalty of the bond in whole or in part.

▓ Under the applicable statute (U.S. C.A. Title 18, sec. 601) the court is given discretion to remit the whole or part of the penalty only when it appears (1) "that there has been no willful default of the party," (2) "that a trial can, notwithstanding, be had" and (3) "that public justice does not otherwise require the same penalty to be enforced." United States v. Reed et al., 5 Cir., 117 F.2d 808; United States v. Nordenholz, 4 Cir., 95 F.2d 756. Under the controlling decisions which have interpreted and applied the above statute it gives the court discretion to remit the whole or part of a penalty only when there has been no willful default upon the part of the principal. That the surety or sureties on the bond may have exercised good faith and diligence in their efforts to produce the principal in court pursuant to the conditions of the bond, that the principal may have appeared after default for trial or other disposition of his case and that the government suffered no injury gives the court no discretion under the statute to remit the whole or any part of the penalty of the bond, if the default of the principal was willful within the meaning of the statute. Taylor v. Taintor, 83 U.S. 366, 16 Wall. 366, 21 L.Ed. 287; Continental Casualty Co. v. United States, 314 U.S. 527, 530–532, 62 S.Ct. 393, 86 L.Ed. 426; United States v. Capua et al., 7 Cir., 94 F.2d 292.

The facts here show that Burl, as soon as he was released after serving the sentence imposed against him by the Missouri state court to which he was already under bond at the time he gave bond to this court, was brought before this court so that, notwithstanding his default, sentence might be imposed or other disposition made of his case and the facts further show "that public justice does not otherwise require the same penalty to be enforced." The single and controlling question, therefore, is whether or not Burl, the principal in the bond, was guilty of a willful default when he failed to appear in this court on June 12, 1944.

Counsel for the government frankly admit, and quite properly so under the evidence, that the default of the principal Burl was not willful in the sense that it was intentional. It was not his idea and it was not his will that the surety on his Missouri bond should seize and surrender him to the Missouri court and keep him away from this court on June 12. But, the government says, his default was willful in the eyes of the law on two counts, namely, (1) that it was his willful act that caused him to be placed under the bond in Missouri which brought about his default of his bond here, and, (2) his act in leaving this district after giving bond here and thus placing himself within reach of his surety in Missouri was a willful act.

▓ Both counts are factually correct. That those facts or either of them show that his default here was willful under the law I am not convinced. It is undoubtedly the general rule that if the principal in a bail bond given in a federal District Court, after enlargement on bail, is subsequently detained by state authorities on a criminal charge and is thus caused to default his federal bond, such default is willful. Though such default was caused by the exercise of the legal authority of the state such cause is said not to be an "act of the law" within the meaning of the language of Taylor v. Taintor, supra, that, "It is the settled law of this class of cases that the bail will be exonerated where the performance of the condition is rendered impossible by the act of God, the act of the

obligee, or the act of the law." The cause of the default is said rather to be the act of the obligor in bringing upon himself the exercise of the legal authority of the state.

■ But neither in Taylor v. Taintor nor in any of the other cases which follow it does there seem to have been involved a default caused by detention of the obligor by a state or other jurisdiction which was by virtue of and pursuant to a lawful bond which was prior in time to the bond and the jurisdiction of the federal court in which the bond in suit was defaulted and which detention was caused by the exercise of a jurisdiction and lawful custody of the obligor which was prior to the jurisdiction and custody of the federal court. No decision has been called to my attention and I have found none which is like the case before me. Here, while he was under bond in Missouri to a court of that state having jurisdiction of his person and the subject matter of the pending criminal proceeding in that court against him, the obligor here was brought by federal authorities out of the jurisdiction of that court to answer a criminal charge in this court. He was permitted to give bail in this court and after enlargement on bail he returned to his home in Missouri within the jurisdiction of the court having prior custody. There he was seized and detained and caused to default his bond here by the state court whose custody of him was prior to the custody of this court. I cannot escape the conclusion that this court, in the eyes of the law and under the rules of comity, in the absence of a showing of waiver by the Missouri court, took the obligor and enlarged him on bail subject to the prior custody and jurisdiction of the Missouri court; that his seizure by the surety on his bond in that court and his surrender by him to that court and his subsequent imprisonment on the charge there pending against him, was in no just sense the willful act of the obligor but was the very proper outcome of a legal situation that existed in its entirety before he was placed on bond in this court. The exercise by the Missouri court of its prior custody and jurisdiction over the obligor was an act of law which relieved the obligor from any proper charge of willfulness in failing to appear in this court in full compliance with the conditions of his bond.

This conclusion is supported, I think, by the general principles discussed or applied in the following authorities: Taylor v. Taintor, supra; United States v. Taylor et al., D.C., 284 F. 489; In re James, C.C., 18 F. 853; Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Cline v. Frink Dairy Co., 274 U.S. 445, 453 47 S.Ct. 681, 71 L.Ed. 1146; Ex parte Young, 209 U.S. 123, 162, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764; Harkrader v. Wadley, 172 U.S. 148, 164, 19 S.Ct. 119, 43 L.Ed. 399; Beavers v. Haubert, 198 U.S. 77, 85, 25 S. Ct. 573, 49 L.Ed. 950; Ex parte Dorr, 44 U.S. 103, 3 How. 103, 11 L.Ed. 514. It seems to me that under the rules of law and comity discussed in the foregoing cases the bail bond taken in this court must have contemplated the prior jurisdiction of the Missouri court over the person of the defendant and its prior right to proceed against him.

■ I do not believe that it was within the contemplation of the bond of this court that the principal should, at peril of a default on his bond here, be required to maintain the position of a fugitive from the court and his bondsman in Missouri who had a lawful claim to the custody of his person which was prior in time to the claim of this court by refraining from returning to his home in the jurisdiction of that court. In any event, his surety on the Missouri court bond had a lawful right by virtue of his custody of obligor under that bond to come into this district with a certified copy of the Missouri bond and under its authority arrest or seize him for the purpose of surrendering him to the Missouri court. Restatement of the Law of Torts, § 120 par. (b) and comment thereon. Taylor v. Taintor, supra; Sallee v. Werner et al., 171 Ill.App. 96, 99.

■ It is the finding of the court that the obligor's default was not willful. In view of this finding and the other facts hereinbefore indicated the court has authority to remit all or any part of the penalty of the bond. It is the order of the

court that the penalty of the bond be remitted down to the sum of $500 and that judgment be entered against the principal and surety for $500 and costs of this proceeding. It is the further order of the court that the findings and conclusions set forth herein be taken as the formal findings and conclusions of the court.

It has been urged by counsel for the surety that the new Rules of Criminal Procedure are applicable here to broaden the discretion of the court as a matter of law. I have not found it necessary to consider this contention.