15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
Indiana Lumbermen's Mutual Insurance Company and AAA
Southern Arizona Bonding Service, Appellant,
v.
Eduardo MARTAN-GASTELUM, Defendant.
 No. 92-10431.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1994.*
Decided Jan. 26, 1994.
 
 Before: ALDISERT,** WIGGINS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Appellant Indiana Lumbermen's Mutual Insurance Company and its agent were sureties on a $50,000 bail bond for Eduardo Martan-Gastelum when he was released on bail following his indictment on three counts of drug related offenses. The district court imposed two conditions on Martan-Gastelum's release: He could not travel outside Pima County, Arizona, and he had to report regularly to the court's Pretrial Services Agency. Martan-Gastelum violated both of these conditions and, upon application of the government, the court ordered Appellants' surety bond forfeited. They now appeal the judgment of forfeiture.
 
 
 3
 We review a district court's bond forfeiture order for abuse of discretion. The surety bears the burden of proving an abuse. United States v. Felix-Meza, 825 F.2d 1334, 1336 (9th Cir.1987).
 
 
 4
 It is uncontroverted that Martan-Gastelum violated both terms of the bond agreement but the question for decision is whether his conduct justified forfeiture of the surety bond. He intentionally left the County of Pima and entered Mexico where he was arrested, convicted and incarcerated for the crime of storing firearms, thereby preventing him from reporting to Pretrial Services as required. After the court scheduled an appropriate hearing on the request for forfeiture, it determined that Martan-Gastelum's bond was forfeitable because he violated the terms of his pretrial release both by leaving the county and entering Mexico and by voluntarily violating Mexican law making his appearance at Pretrial Services impossible. The court granted the government's default motion and entered judgment in favor of the United States and against Appellants in the amount of $50,000.
 
 
 5
 Rule 46(e)(1) of the Federal Rules of Criminal Procedure states: "If there is a breach of a condition of bond, the district court shall declare a forfeiture of the bail." See United States v. Lujan, 589 F.2d 436, 438 (9th Cir.1978), cert. denied, 442 U.S. 919 (1979).
 
 
 6
 Forfeiture under Rule 46(e)(1) is mandatory. However, Rule 46(e)(2) gives a court discretion to set aside a forfeiture, in whole or in part, where the person released upon execution of an appearance bond is subsequently surrendered by the surety into custody or "if it otherwise appears that justice does not require the forfeiture." See United States v. Stanley, 601 F.2d 380, 382 (9th Cir.1979).
 
 
 7
 Under Rule 46(e), we have upheld forfeitures based solely on a defendant's breach of his bond's travel restrictions. Id. Because Martan-Gastelum's intentional violation of the travel restriction is sufficient to justify forfeiture, we need not address in detail Appellants' main contention that their client's failure to appear at Pretrial Services was involuntary because of his incarceration in Mexico and, therefore, that justice did not require forfeiture. A few words will suffice.
 
 
 8
 "It is the general rule that imprisonment by other authorities does not excuse production of the principal by the surety." Williams v. United States, 444 F.2d 742, 744 (10th Cir.1971) (citing Sifuentes-Romero v. United States, 374 F.2d 620 (5th Cir.1967)). Appellants seek to avoid the teachings of Williams and Sifuentes-Romero by asking us to apply the isolated holding of United States v. Burl, 67 F.Supp. 583, 585 (E.D.Ill.1946), but they have established no factual record in the district court indicating that Martan-Gastelum's Mexican offense took place prior to his being released on bail in Arizona, as was the case in Burl.
 
 
 9
 As stated before, even if Appellants possibly could prevail on the failure-to-appear issue, they are faced with the irrefragable reality that their client was forbidden to leave Pima County, Arizona. He violated this provision by voluntarily traveling to Mexico.
 
 
 10
 We have considered all contentions presented by the Appellants. To the extent not discussed here, any other arguments have been considered and rejected.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3