**UNITED STATES v. SHORT et al.**

**No. 126 C.**

District Court, D. New Jersey.

Oct. 2, 1940.

Joseph V. McEnery, of Philadelphia, Pa., for petitioners.

William F. Smith, Acting U. S. Atty., of Trenton, N. J., and Joseph W. Burns, Sp. Asst. U. S. Atty., of Washington, D. C., for the Government.

GOODRICH, Circuit Judge.

This is a petition to remit an order of forfeiture entered upon a bail bond. Upon the conviction of Herbert R. Short on an indictment charging a conspiracy to possess an unregistered still and a conspiracy to obstruct the administration of justice, he was released upon a recognizance in the sum of $10,000 conditioned upon his appearance on July 19, 1940 for sentence. The Continental Surety Co. became surety on the bond and in turn was protected by a contract of indemnity executed by Marie M. Short, wife of the defendant. Short failed to appear and an order of forfeiture was entered. However, he was apprehended on August 29 and sentenced on September 12.

Section 1020 of the Revised Statutes, 18 U.S.C.A. § 601, provides: "*Remission of penalty of recognizance.* When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

 The general interpretation placed upon this section is that the default of the party referred to is the default of the principal, not the surety, and that the conditions enumerated in the statute are jurisdictional prerequisites to the power of the court to remit the penalty. Sun Indemnity Co. v. United States, 3 Cir., 1937, 91 F.2d 120; United States v. Kelleher, 2 Cir., 1932, 57 F.2d 684, 84 A.L.R. 14; United States v. Nordenholtz, 4 Cir., 1938, 95 F.2d 756; United States v. Costello, 6 Cir., 1931, 47 F.2d 684; United States v. Libichian, 7 Cir., 1940, 113 F.2d 368. The petitioners do not attack this interpretation nor do they deny that the default of Short was wilful. Their contention is that this court has power to remit the forfeiture independently of the statute on the theory that every court has power to modify its orders during the term in which they are rendered, and here the petition for remission was filed during the term in which the order of forfeiture was entered. Judge Acheson so held in United States v. Barger, D.C.Pa., 1884, 20 F. 500. But more recently the opposite conclusion was reached by the Eighth Circuit in United States v. Rosenfeld, 1940, 109 F.2d 908, the court saying at page 910: "It will be noted that the Supreme Court holds that upon a default, 'the sureties become the absolute debtors of the United States.' [United States v. Mack, 295 U.S. 480, 55 S.Ct. 813, 79 L.Ed. 1559.] It was for the Congress, therefore, to determine under what circumstances the sureties may be relieved of such debt. The courts' authority to disturb this debt is not unlimited, and the authority that courts have generally over their judgments does not apply. A contract has been entered into between the sureties and the Government, and upon its breach the Government becomes possessed of certain rights. Control of the court over the indebtedness must be found in the governing statute. Congress has expressly prescribed the conditions which will vest discretion in the court to remit the whole or a part of the penalty. Wilful default of the principal precludes the exercise of such discretion."

In view of this decision plus the fact that the Circuit Courts which have dealt with the statute have stated in broad language that the conditions therein enumerated are jurisdictional prerequisites to the power to remit, it must be concluded that this court has no power to grant the prayer of the petition.

The petition is, therefore, dismissed.