## UNITED STATES v. DREWER.

No. 9032.

Circuit Court of Appeals, Seventh Circuit.

Nov. 21, 1946.

William W. Hart, U. S. Atty., and Ernest R. McHale, Asst. U. S. Atty., both of East St. Louis, Ill., and Ray M. Foreman, Asst. U. S. Atty., of Danville Ill., for appellant.

Saul E. Cohn and Ralph F. Lesemann, both of East St. Louis, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

An indictment was returned by the grand jury of the Eastern District of Illinois early in the year 1943 charging Ernest H. Burris and one other with violation of the Harrison Anti-Narcotic Act, 26 U.S.C.A. Int.Rev.Code, §§ 2550 et seq., 3220 et seq. On March 23 of that year Burris gave the regular recognizance or bail bond in favor of plaintiff-appellant, The United States of America, hereinafter referred to as plaintiff, for his appearance in the district court to answer the charges contained in the indictment. The bond was executed by

Burris as principal and by defendant-appellee, Mabel R. Drewer, hereinafter referred to as defendant, as surety.

Upon arraignment, Burris entered a plea of not guilty, and his case was assigned for trial on April 15 at Cairo, Illinois, and both he and the defendant, Drewer, were notified in advance by mail of such trial date. His case was disposed of separately from the other person named in the indictment. On the morning of April 15—the trial date—the case was called for trial, but neither Burris nor his surety was present, nor were they or either of them present in court at any time during that day. Each was defaulted on the bond, and it was ordered that such default be entered of record, which was accordingly done. On April 23 there was filed by the United States Attorney a motion for judgment against both Burris and defendant surety on the recognizance, and copy thereof was forwarded by mail to each. On May 11 a hearing was had by the court upon such motion, at which hearing defendant Drewer was represented by counsel. After such hearing, judgment was entered against Burris and this defendant in the principal sum of $2,000 and costs.

No further steps were taken in the matter until September 24, 1944—more than a year following the judgment—on which date defendant filed in the district court a petition to set aside the bond forfeiture and for a remission of the penalty. The petition set forth at great length her reasons for asking relief from the payment of the judgment theretofore rendered against her, which petition is supported by affidavit of the defendant. At the hearing, the evidence consisted of the separate affidavit of the defendant and of Burris. Plaintiff offered no evidence. Briefly, the evidence disclosed that, at the time when Burris learned that his case was assigned for trial on April 15, his brother was very ill and in a hospital at East St. Louis; that on April 14, while on his way to Cairo for the trial on the succeeding day, Burris met two friends, whose names were not given, who advised him that they had been informed by Dr. Goodrich, who had been indicted with Burris, that the trial had been postponed; that Burris returned immediately to his brother's bedside in the hospital at East St. Louis, did not attend court at Cairo on the following day, but did not, either then or thereafter, leave the state or in any way attempt to hide or conceal himself. On the contrary, when advised a few days later that the trial had not been postponed, he immediately gave himself up to the authorities. This was within a short time following default. He was tried upon the charge contained in the indictment on June 15, 1943, convicted and sentenced to the custody of the Attorney General for a term of 3 years. Upon these facts the district court refused to set aside the default but did, however, find that the default of the principal on the recognizance was not willful. After careful consideration, final judgment was re-entered on August 7, 1945 against defendant in the sum of $750 and costs. From this judgment the government has appealed.

It is the contention of the plaintiff, first, that the district court had no jurisdiction to entertain the petition of defendant to vacate the judgment because such petition was filed after the expiration of the term of court in which the original judgment had been entered and more than 15 months after such entry; second, that the default of the principal on the bond was willful; and third, that the default of the principal, being willful, there was no occasion or authority for the court to exercise any discretion in the remission of any part of the penalty, and that even though such default was not willful, the circumstances did not warrant the exercise of the discretion of the court to remit a part of the penalty. The defendant contends that the court had jurisdiction to entertain the petition after the expiration of the term; that the default of the principal on the bond was not willful; and that the court exercised a proper discretion in remitting the penalty.

The statute upon which defendant relies to give the court authority to remit the penalty, either in whole or in part, reads as follows: "Remission of penalty of recognizance. When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the

whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced." R.S. Sec. 1020, 18 U.S.C.A. § 601.

The above statute, often referred to as the "Remission Statute", provides that the "court may, in its discretion, remit the whole or a part of the penalty, *whenever* it appears to the court that there has been no willful default," etc. (Our italics) The question as to whether or not a petition for the remission of a penalty similar to that in the instant case must be presented during the term of court in which the judgment was entered was presented to this court in the case of United States v. Libichian et al., 7 Cir., 113 F.2d 368, 371. In that case a final judgment was entered in 1936 against the surety on a recognizance and, three years later, upon petition, a final order was entered annulling the judgment and remitting the penalty. The government, as in the case at bar, contended that the court was without jurisdiction to set aside, modify or correct a final judgment entered at a previous term. But, this court held that the general rule that a court is without jurisdiction to set aside a final judgment entered at a previous term is inapplicable to cases arising under the Remission Statute and, in the course of its opinion, said: "The provision confers jurisdiction 'whenever it appears to the court,' and an interpretation which limits this language solely to the term at which judgment was rendered would come near to rendering it meaningless. The statute is remedial, and to hold the court without jurisdiction, regardless of circumstances, subsequent to the adjournment of the term would thwart its purpose. We think the intention of the statute clearly is to the contrary." See Henry v. United States, 7 Cir., 288 F. 843, 32 A.L.R. 257; Hunter et al. v. United States, 8 Cir., 195 F. 253; United States v. Jenkins et al., 6 Cir., 176 F. 672; United States v. Traynor, D.C., 173 F. 114.

As decisive of this question, plaintiff seems to rely greatly upon the case of Continental Casualty Co. et al. v. United States, 314 U.S. 527, 62 S.Ct. 393, 86 L.Ed. 426. In that case, the principal in the recognizance, Herbert R. Short, was convicted in the District Court of the United States for the District of New Jersey on June 20, 1940 upon two counts of an indictment charging conspiracy, and was, on that date, directed to appear in court on July 19 of that year for sentence. United States v. Short, D.C., 34 F.Supp. 1007. He failed to appear, and the court therefore ordered a forfeiture of the recognizance. Within a short time he was apprehended and sentenced. The surety, Continental Casualty Company, and its indemnitor, Marie M. Short, the wife of the principal, filed a joint petition in the district court *within the term at which the order of forfeiture had been entered* praying for the remission of the forfeiture. The district court found as a fact that the default of Herbert R. Short, the principal in the recognizance, was willful, and, consequently, dismissed the petition thereby holding that, because of such willfulness upon the part of the principal, it was without power, under the above Remission Statute, to grant the petition, and that it possessed no power independently of such statute to entertain it. The petitioners contended that the court had the power to remit the forfeiture independently of the Remission Statute, even though the default of the principal was willful, on the theory that every court has the common law power to modify its orders *during the term in which they are rendered*, and that this power was not affected by the Remission Statute. They further contended that this power of the court to thus remit was not limited by the *willful default* provision of the statute since such statute was intended to extend the power to remission *after the term* in which the forfeiture was entered, and was not intended to limit the power of the court to modify its orders *during the term* in which the forfeiture was entered, regardless of whether or not the default was willful.

Upon appeal, the Circuit Court of Appeals, being in doubt as to the power of the district court, certified the following four

questions to the Supreme Court of the United States for instructions [314 U.S. 527, 62 S.Ct. 394]:

" '1. Is Section 1020 of the Revised Statutes (18 U.S.C.A. § 601) the exclusive source of the power of the District Court of the United States at any time to remit the forfeiture of the penalty of a recognizance taken in a criminal cause?

" '2. Is the word "party" appearing in the phrase "willful default of the party" in Section 1020 of the Revised Statute (18 U.S.C.A. § 601), intended to describe (a) the person who makes application to the court for the remission of the forfeiture of the penalty, whether that person is the principal or the surety in the recognizance, or (b) only the principal in the recognizance?

" '3. If the answer to Question 1 is "No" does the District Court of the United States have common law power to remit the forfeiture of the penalty of a recognizance taken in a criminal cause, where the default of the principal in the recognizance was willful?

" '4. If Question 3 is answered and the answer thereto is "Yes" is the common law power to remit the forfeiture limited to exercise upon an application made within the term of court at which the order of forfeiture was entered?' "

After a full discussion, the Supreme Court said: "Our answer to Question 1 is 'Yes.' Our answer to Question 2(a) is 'No.' Our answer to Question 2(b) is 'Yes.' It is not necessary to answer Questions 3 and 4." In answering Questions 1 and 2 as it did and in refusing to answer Questions 3 and 4, it is apparent that all the Supreme Court held was that the Remission Statute was the exclusive source of the power of the district court to remit the forfeiture of the penalty of a recognizance taken in a criminal cause, and that the use of the word "party" in such statute referred solely to the principal on such recognizance and not to the surety. A careful study of this case convinces us that it does not support plaintiff's contention.

The Remission Statute is clear, and it must be reasonably construed. Its words must be given their usual and ordinary meaning. United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40; Deputy v. Du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; Old Colony R. Co. v. Commissioner, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484. When thus construed, and under the authorities, no other conclusion can be reached than that under such statute a petition may be filed and judgment entered thereon at a time other than within the term of court in which the original judgment was entered. In other words, such petition may be filed, and judgment remitting the penalty in whole or in part may be entered after the expiration of the term of court in which the original judgment was entered.

As heretofore stated, plaintiff's contention is that the default of the principal was willful and that, therefore, the district court had no authority to remit any part of the penalty.

In the case of United States v. Hickman, 7 Cir., 155 F.2d 897, the court held that if the condition of the bail bond is broken by the failure of the principal to appear, the surety becomes the absolute debtor of the United States for the amount of the penalty, but, under the provisions of the Remission Statute, supra, the court may, in its discretion, remit the whole or any part of a penalty "whenever it appears 'there has been no willful default of the party.' " In the instant case, the court concluded that the default of the principal was not willful. This conclusion was based upon competent and substantial evidence and will not be disturbed by this court. United States v. Bach, 7 Cir., 151 F.2d 177. Furthermore, it is our opinion that the facts are sufficient to justify the conclusion of the district court that the default of the principal was not willful in that it was not without excuse and was through a misunderstanding.

The judgment is affirmed.