**CONTINENTAL CAN COMPANY, Inc.,**
**a Corporation, Appellant,**

v.

**Clarence A. GRAHAM, Trustee in Bankruptcy for Casto Company, a Corporation, Bankrupt, Appellee.**

**No. 12163.**

United States Court of Appeals,
Sixth Circuit.

March 22, 1955.

Herman R. Tingley (John Benson, Hedges, Hoover & Tingley, Columbus, Ohio, Roger Nutt, Willkie, Owen, Farr, Gallagher & Walton, New York City, on the brief), for appellant.

James W. Huffman, Columbus, Ohio (Robert L. Barton, Columbus, Ohio, on the brief), for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from an order of the District Court entered on petition to review, sustaining an order of the referee in bankruptcy which denied a petition of appellant Continental Can Company, Inc., hereinafter called "Continental," for an order to turn over property and assets of the bankrupt to the prior state court receiver. On April 9, 1947, the Court of Common Pleas of Washington County, Ohio, in a case in which The Casto Company, hereinafter called "Casto," was defendant, appointed a receiver who duly qualified and took possession of Casto's assets. Thereafter the receiver filed an application in the state court seeking authority to enter into contracts with Continental and Nurok Associates, Inc., under which the receiver was to manufacture a molding powder under a certain secret process owned by Nurok Associates, Inc., and to sell and deliver the entire product of the powder to Continental. The state court entered an order authorizing the receiver to enter into such contract, to purchase equipment, and employ the necessary laborers and skilled workers, to borrow the sum of $100,000, and to issue receiver's certificates for the purpose of carrying out the contract. Pursuant to the order of the state court the receiver and Continental entered into a contract under which the receiver was to purchase from Continental the inventory of neoprene scrap and laminating resin paper broke theretofore acquired by Continental for the manufacture of the molding powder. Continental delivered these materials to the state court receiver in accordance with the contract and the value thereof was $47,149.67, for which no payment has been made.

On November 7, 1947, more than four months after the appointment of the receiver by the state court, a petition for reorganization was filed by Casto under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., and possession

of the neoprene scrap and paper broke was taken by the trustee in the Chapter X proceeding in accordance with an order entered in the bankruptcy court. On October 20, 1948, the court entered an order declaring Casto insolvent, adjudging it a bankrupt and ordering that the bankruptcy proceedings be continued pursuant to the provisions of the Act. This order also authorized the trustee in the reorganization proceedings to turn over the assets and property of the debtor in his possession or under his control to any person or persons authorized in the bankruptcy proceedings to receive such property. No appeal was filed to this order, and the assets of the debtor in the reorganization proceedings were turned over to the trustee in bankruptcy.

A petition to sell real or personal property of the bankrupt was filed by the trustee November 8, 1948, and an order of sale was entered December 8, 1948. In January, 1949, a public sale was held of the property of Casto in Marietta, Ohio, consisting of a plant for the manufacture and processing of synthetic and natural rubber and articles made therefrom, machinery, furniture and other property in the plant. In the sale the trustee received for this property $202,970.13. An amended report of sale was filed August 16, 1949, and the sale was confirmed as per amended report August 16, 1949. Substantial expenses were incurred by the trustee and attorneys for the trustee in bankruptcy in effecting the sale. On December 9, 1949, a petition was filed by Continental, which had theretofore filed a claim for $47,149.67, praying for an order on the trustee in bankruptcy to turn over the property of the bankrupt to the prior state court receiver. On January 6, 1950, a hearing was called on this petition and the entry continues: "No one present. Order entered continuing matter generally."

While a stipulation was filed by counsel for the bankrupt and for the trustee October 3, 1950, no hearing was held on the matter until May 18, 1953. The petition of Continental for the turnover order had been renewed April 13, 1953. The petition was denied by the referee May 18, 1953, in an order which stated, referring to Continental's petition of December 9, 1949, "The matter was not pressed either before the Court or the present Referee in Bankruptcy then sitting as Special Master." A final order of distribution and an order of the judge sustaining the order of the referee on petition to review were entered on the same date, November 3, 1953. The case was closed November 6, 1953.

It is asserted by appellee, and not denied, that the entire funds in possession of the trustee were distributed. There is no contention that the proceedings in connection with the sale, the allowance of expenses, fees to attorneys, etc., were not regular. The funds were insufficient to pay anything to general creditors and the claim of Continental was allowed on November 3, 1953, as a general claim only.

Appellant contends that the District Court was required to turn the assets of the bankrupt back to the state court in a case where petition for reorganization was filed and where the reorganization proceeding was commenced more than, by a state court, four months after the appointment of a receiver for the corporation, citing 11 U.S.C. § 636, 11 U.S.C.A. § 636, in light of 11 U.S.C. § 11, 11 U.S.C.A. § 11. A consideration of the uncontradicted facts of the record compels conclusion that we may not consider this question on the merits. The bankruptcy court is conducted upon principles of equity and equity will not aid those who have slept upon their rights. 30 C.J.S., Equity, § 100, p. 499, and cases cited. During the fourteen months which elapsed between October 20, 1948, the date of the adjudication in bankruptcy, and December 9, 1949, the date of the first petition for a turnover order, no appeal was taken from the order of adjudication in bankruptcy and changes were made in the status of the property of the bankrupt, all of it so far as this record shows

being sold by proper court order. Substantial expenses were incurred in sale. The failure of Continental to object promptly clearly constituted laches.

■■ Moreover, the case now presents a purely academic problem. The object sought, the recovery of the assets of the bankrupt, is unobtainable, for the properties are sold and the proceeds are distributed. Courts do not adjudicate such abstract questions. Jones v. Montague, 194 U.S. 147, 24 S.Ct. 611, 613, 48 L.Ed. 913. Here, as there, the thing sought to be prevented "has been done and cannot be undone by any order of court."

The judgment of the District Court is affirmed.