James Carlock BABB, Appellant,

v.

UNITED STATES of America, Appellee.

No. 9144.

United States Court of Appeals
Tenth Circuit.

Feb. 14, 1968.

James Carlock Babb, pro se.

Thomas E. Joyce, Asst. U. S. Atty., Dist. of Kansas (Newell A. George, U. S. Atty., Dist. of Kansas, on the brief), for appellee.

Before MURRAH, Chief Judge, HILL, Circuit Judge, and EUBANKS, District Judge.

EUBANKS, District Judge.

This is an appeal from an order of the United States District Court for the District of Kansas denying appellant's motion to vacate a previous order forfeiting two appearance bonds.

It appears from the record, files, affidavits, and briefs herein that on September 25, 1963, the appellant appeared before a U. S. Commissioner in Los Angeles, California, on a charge filed against him in the District of Kansas and executed the first appearance bond involved. Therein James Carlock Babb as principal and Resolute Insurance Company as surety bound themselves to pay $1,500.00 to the United States unless certain conditions were met. The specific terms of that bond were, in pertinent part: "The condition of this bond is that the defendant is to appear in the United States District Court for the District of Kansas at Kansas City in accordance with all orders and directions of the court relating to the appearance of the defendant before the court in the above entitled case and if the defendant appears as ordered then this bond will be void, but if the defendant fails to perform this condition, payment of the amount of the bond shall be due forthwith."

On October 28, 1963, the clerk sent a notice to appellant's surety notifying it that Babb was to appear for arraignment on November 12, 1963, but the surety sent a reply letter to the clerk dated November 4, advising that appellant was in the Los Angeles county jail on a probation violation charge. The arraignment was reset for May 24, 1964, but appellant failed to appear. On November 25, 1964, the files pertaining to

the case were transferred to the United States District Court for the Eastern District of Arkansas with the consent of appellant under Rule 20. On January 29, 1965, the case was transferred back to the District of Kansas because appellant had failed to appear as directed in the Eastern Arkansas District. Accompanying the files, when they were returned to the clerk for the District of Kansas, were letters from a lawyer and a physician to the effect that Babb was suffering from sundry ailments and that it would be detrimental to his health to have him incarcerated.

On June 1, 1965, and upon application of counsel for appellant the court granted him until June 4, 1965, to file motions in the case and set hearing on the anticipated motions for the same day. No motions were filed and no appearance was made on June 4, whereupon the court directed that the case be set for trial without delay. Arraignment was again set for June 18, 1965, at which time Babb appeared and entered a plea of not guilty to the 13 count indictment. On this date the bond was increased to $5,000.00 and Babb was taken into custody until June 25, 1965, when he posted the second appearance bond involved herein, same being in the sum of $3,500.00, with United Bonding Insurance Company as surety. This second bond was on the form prescribed for use in the United States District Courts and provided, among other things, that defendant was to appear before the United States District Court for the District of Kansas at Kansas City "at the opening day of the November 8th, 1965, session term of court, and each day thereafter until case disposed of, and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in the above entitled matter as may be given by the commissioner or by the United States District Court * * * that the defendant is not to depart the District of Kansas * * *."

On September 8, 1965, defendant failed to appear at the calendar call. On the 15th of September, 1965, a written order was entered by the court which, in substance, directed defendant to appear on September 24, 1965, at 1:30 PM for hearing on plaintiff's motion for an order requiring defendant to appear for trial on September 27, 1965. The record clearly shows and appellant does not deny that the September 15, 1965, order was sent to appellant by certified mail on the very day it was issued and directed to the address given by appellant on his second appearance bond. In addition to the above notice it was found by the court at the September 24th hearing where both appellant and his retained lawyer failed to appear, that appellant had been "duly and regularly notified of said hearing by and through his counsel J. K. Owens." The September 24th hearing further resulted in an order setting the case for trial on September 27, 1965, at 9:30 AM. Neither Babb or counsel appeared on September 27, 1965, so both bonds were ordered forfeited and a bench warrant was issued for appellant. On September 29, 1965, a formal judgment was entered against the sureties upon the forfeiture. After a Fieri Facias (Execution) was issued directing the Marshal to levy against the property of the sureties and on November 24th and 30th respectively United Bonding and Resolute Insurance filed motions to set aside the execution. These motions were denied on December 3, 1965, but both sureties were given leave to file motions for remission. After such allowed motions were filed and heard and on January 7, 1966, the court remitted $2,000.00 of the total bond penalty and prorated the remission between each surety. This apparently satisfied both sureties because they promptly paid (United Bonding paid $2,100.00 on January 18, 1966, and Resolute Insurance paid $900.00 on January 19, 1966) the reduced judgment into court.

On July 29, 1966, appellant filed in the district court his motion to vacate the order forfeiting his appearance

bonds wherein he concedes that the clerk apparently mailed him notice of the September hearing but says such notice was sent to the address of his wife in Scottsdale, Arizona (the same address, incidentally, that was listed by appellant as his own on the second bond) but that his wife had left this address in August, and he never received said notice. Appellant alleges in his motion that the only notice he had of any date for him to appear was that of November 8, 1965, which was written on the second bond and that he was before the court on that date so forfeiture was unauthorized. He also contends that no one informed him that he could not leave Kansas while on bail and that the original indictment has been dismissed. This motion was denied which resulted in this appeal.

We are first faced with the motion of the appellee to dismiss this appeal based upon the grounds that the motion to vacate was not timely filed and that the judgment of forfeiture has been fully paid by the sureties thus rendering the question moot. Although the issues raised in this motion have not been briefed by either party we have concluded that same should be overruled. Rule 46(f) Federal Rules of Criminal Procedure, provides no time limit for bringing an action to set aside the forfeiture or to remit any or all of the judgment. The general rule that a court is without jurisdiction to set aside a final judgment entered at a previous term is inapplicable in cases arising under the Remission Statute, United States v. Drewer, 7 Cir., 158 F.2d 146; Continental Casualty v. United States, 314 U.S. 527, 62 S.Ct. 393, 86 L.Ed. 426; United States v. Libichian, 7 Cir., 113 F.2d 368. Of course if the application for vacation or remission "is inexcusably delayed" it may be refused, especially where the lapse of time has operated to the prejudice of the government, United States v. Clatterbook, D.C., 26 F.Supp. 297. Since the motion to vacate in the case at bar was overruled without a hearing the appellant has not had the opportunity to explain the delay.

The general rule may be that an executed judgment eliminates the controversy between the parties and renders the appeal moot. Maddox v. Black, Raber-Kief & Associates, 301 F.2d 904 (9th Cir. 1962). This is unquestionably the law where "the thing sought to be prevented 'has been done and cannot be undone by any order of court.'" Continental Can Co. v. Graham, 220 F.2d 420, 423 (6th Cir. 1955). However, in Larson v. United States, 296 F.2d 167 (8th Cir. 1961) the surety filed a motion for remission of a bond forfeiture which had been paid. The court did not treat the appeal as moot but affirmed the order denying the motion for remission *on the merits*. It could be argued that the issue is not moot since it may affect Babb's immunity from prosecution for "bail jumping". Migdol v. United States, infra.

In denying the motion to vacate, the trial court entered no findings of fact or conclusions of law and the basis for the order is not clear. However in denying Babb's motion for leave to appeal in forma pauperis, Chief Judge Stanley was "of the opinion that the defendant lacks standing to seek vacation of the forfeiture order."

Babb's standing to seek vacation of bail forfeiture can be based on two factors. In the order forfeiting the bond, the trial court entered judgment against Babb and the sureties for $5,-000. While the better procedure may be for the principal and surety to join in filing motions for vacation and/or remission of forfeiture, courts generally allow such motions to be filed separately. See Smaldone v. United States, 211 F.2d 161 (10th Cir. 1954) where orders denying the motion of the sureties to set aside the judgment of forfeiture and the motions of the principal and sureties for remission of the forfeiture were reversed.

In addition to the financial interest the principal has in obtaining a vacation of the forfeiture of his appearance bond, such an action may be re-

quired to obtain immunity from prosecution for "bail jumping." Migdol v. United States, 298 F.2d 513, 91 A.L.R.2d 1283 (9th Cir. 1961); contra, Franco v. United States, 119 U.S.App.D.C. 339, 342 F.2d 918 (1964). Both courts apparently believed it significant that the vacation in Migdol was granted on motion of the defendant and not on motion of the surety thereby acknowledging the standing of the criminal defendant to attack the forfeiture of his bond.

■ We now turn to the merits of the issues on appeal and at the outset find no difficulty in affirming that part of the order appealed from that denied vacation of the forfeiture of the first (Resolute Insurance Company) bond. As has been noted this bond had been outstanding for over two years before being forfeited. It contained no "November 8, 1965" notation and its plain terms had obviously been violated by appellant many times before it was finally ordered paid.

■ The issues relating to the second (United Bonding) bond are not so easily disposed of partly because of an incomplete record of all prior proceedings herein and also partly because of inadequate briefs available to us. It seems to be agreed that appellant was actually before the court at Kansas City on November 8, 1965. Babb says he appeared on said date in obedience to the command contained in the bond; the government contends that he was there in custody of the Marshal after having been arrested on the bench warrant issued after he failed to appear on September 27th. The contention of the government in this connection seems most probably correct because a conviction of appellant in another case had recently been affirmed on appeal (Babb v. United States, 8 Cir., 351 F.2d 863) and he was released to the Marshal so as to commence serving that sentence. Also about this time appellant was being held on an unlawful flight warrant from the State of Oregon. However, in this case we need not determine whether appellant was present on November 8th of his own volition of whether he was in custody of the government because the record is clear that forfeiture was ordered because appellant failed to appear on September 27, 1965. In that order no mention is made that defendant had departed the District of Kansas however facts subsequently developed abundantly established that he had. Although the cases hold that leaving the jurisdiction is sufficient reason for forfeiture when the bond prohibits same (Estes v. United States, 5 Cir., 353 F.2d 283; United States v. D'Argento, 7 Cir., 339 F.2d 925; United States v. Foster, 2 Cir., 278 F.2d 567; United States v. Mitchell, D.C., 246 F. Supp. 874) this should be recited as grounds in the order. And, if such is done, it is no defense for the principal to say that no one warned him not to leave the District, when, as here, such departure is plainly prohibited in the bond.

■ Our task is thus reduced to a determination of the question of whether or not a court may compel, under penalty of bond forfeiture, the attendance of an accused at a date earlier than that recited in the bond itself? While we are not bothered with the method of notice used in this case because the law requires no notice at all to either the surety or principal, we are satisfied that notice was given. See Western Surety v. United States, 9 Cir., 51 F.2d 470 and United States v. Dunbar, 9 Cir., 83 F. 151.

■ Rule 46(f) (1), Federal Rules of Criminal Procedure, provides, "if there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail." While conceding that the bond herein primarily required Babb to appear on November 8, 1965, at Kansas City it further obligated him to appear "at such other places as the defendant may *be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in the above entitled matter as may be given or entered* * * *." [Italics ours] This seems to us to

allow the judge to make binding orders subsequent to the execution of the bond adjusting or changing trial places and dates. In Southern Surety of Des Moines, Iowa v. United States, 8 Cir., 23 F.2d 55, cert. denied, 278 U.S. 604, 49 S.Ct. 11, 73 L.Ed. 532, it was said "failure of principal to appear for trial at time stated, though case was not ready was grounds for forfeiture of bail bond." It appears therefore, a fortiori, that forfeiture should be allowed when the case is ready but the defendant fails to show up for it. Accordingly we hold that appellant subjected his bond to forfeiture by his failure to appear as ordered for trial on September 27, 1965. In reaching this result we reiterate that in this case notice was given of the hearing at which Babb failed to appear. We hold that when a court advances an appearance date so as to require the presence of a principal at a time before the day specified in the bond then notice similar to that given herein must be had before forfeiture may be ordered.

 Apparently the motion of appellant was intended to also include a request for partial remission. It has been held that the fact that the indictment was later dismissed, as was done in this case, is no grounds for remission. United States v. Nordenholz, 4 Cir., 95 F.2d 756. While justice does not require enforcement of the forfeiture if the breach is not wilful and the Government suffers no injury from the breach (Smaldone v. United States, supra; Dudley v. United States, 5 Cir., 242 F.2d 656; United States v. D'Argento, 7 Cir., 339 F.2d 925) there is no showing here that the breach was other than wilful. The affidavit of appellant says in part, "After my release I did travel extensively in order to clear up some of my affairs and was out of touch with both my attorney and my wife * * *." As to whether the Government suffered injury we are sure that the trial judge considered this when he remitted $2,000.00 on motion of the sureties. In Larson v. United States, 8 Cir., 296 F.2d 167, it was held that the action of the trial

court denying remission may only be vacated on appeal where there has been an abuse of discretion. None has been demonstrated here.

Affirmed.