**Rudolph WILLIAMS, and United Bonding Insurance Company, Surety-Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 472–70.**

United States Court of Appeals, Tenth Circuit.

June 30, 1971.

Lewis E. Pierce, of Pierce, Duncan, Bill & Russell, Kansas City, Mo. (Robert G. Duncan, Kansas City, Mo., and James E. Woodson, Topeka, Kan., with him on the brief), for appellant.

Edward H. Funston, Asst. U. S. Atty., Wichita, Kan. (Robert J. Roth, U. S. Atty., and Stephen K. Lester, Asst. U. S. Atty., on the brief), for appellee.

Before PICKETT, Senior Circuit Judge, HOLLOWAY, Circuit Judge, and BRATTON, District Judge.

BRATTON, District Judge.

This is an appeal from an order of the court below denying appellant's motion to set aside the judgment and forfeiture previously entered against it as surety on a bond for Rudolph Williams.

Williams was convicted of bank robbery in August of 1968. He was sentenced to a prison term of ten years and remanded to the custody of the Attorney General. He subsequently filed a notice of appeal and, when appellant posted its bond in the sum of $15,000.00 on November 1, 1968, was released from the federal penitentiary at Leavenworth, Kansas, pending the outcome of his appeal.

On December 18, 1968, Williams was arrested and confined to jail by state authorities upon a charge stemming from events subsequent to his release from Leavenworth.

Two days later the United States Attorney filed in the court below a motion pursuant to 18 U.S.C. § 3148 to recommit Williams and to have his bail forfeited. A copy of this motion, together with the court's order setting a hearing on the motion on December 24, 1968, was served upon Williams in jail and upon his court-appointed trial counsel.

Neither Williams nor his counsel appeared at the hearing, and no one representing the bonding company was present. Testimony at the hearing revealed that Williams was being held in connection with the investigation of an armed robbery and a homicide.

At the conclusion of the hearing, the court found that Williams was a danger to other persons and to the community and revoked his liberty under the bond. The bond was also ordered forfeited on the ground that the defendant had violated the terms and conditions of the bond.

In January, Williams was discharged after a preliminary hearing on the state charges against him, and he was taken into federal custody and returned to Leavenworth.

On March 7, 1969, the government filed a motion for judgment of default on the bond against Williams and his surety on the ground that the failure of Williams to appear had violated that condition of his bond requiring his appearance when ordered by the court.

Notice of this motion and the court's order setting a hearing on it on March 24, 1969, were mailed to Williams, the surety, and the surety's attorney.

Again, no one appeared for Williams, and no one appeared for the bonding company. The court then granted the government's motion to forfeit Williams' bond and granted judgment against Williams and the bonding company in the sum of $15,000.00.

The surety, under Fed.R.Crim.P. 46(f) (4), moved on April 21, 1969, to set aside the judgment and forfeiture of bail upon the grounds that Williams' default was not willful, that his performance of the bond's conditions was rendered impossible by act of law and that the government had suffered no injury or cost by his failure to appear.

Oral arguments were had on this motion in June of 1969, and counsel thereafter submitted briefs on the issues.

In April of 1970, the court denied the motion, and, after an unsuccessful attempt to get a rehearing below, the surety filed this appeal.

It is contended here that the trial court abused its discretion in denying the motion to set aside the judgment and forfeiture, and we are asked to reverse and remand this cause with directions to enter an order sustaining the motion and ordering a remission of the entire bond. For the reasons discussed below, we decline to do so.

Williams breached a condition of his bond when he failed to appear on December 24, 1968. The bond contained language requiring him to appear in accordance with all orders and directions of the court. The order entered below which was served upon Williams, together with the Government's motion was, in substance, an order to appear, Babb v. United States, 414 F.2d 719, 720 (10th Cir. 1968), and Williams could not but have known that his presence was required. See United States v. DePugh, 434 F.2d 548, 552 (8th Cir. 1970).

■ That the court revoked bond pursuant to 18 U.S.C. § 3148 is clear from the transcript of the hearing of December 24, 1968. That it ordered the bond forfeited for Williams' failure to appear on that date is also reflected by the transcript. Testimony at the hearing disclosed Williams' whereabouts, so that the court below, in ordering the forfeiture, in essence found that his non-appearance was not excused by the fact of his detention by other authorities. It is the general rule that imprisonment by other authorities does not excuse production of the principal by the surety, Sifuentes-Romero v. United States, 374 F.2d 620 (5th Cir. 1967); Annot., 4 A. L.R.2d at 446 (1949), and the argument of the surety that the failure to notify it of the revocation and forfeiture hearing somehow overcomes this rule is without merit. Babb v. United States, *supra,* 414 F.2d at 723. A bond is a contract between the surety and the government that the surety will undertake that the defendant who has been released on bond will appear at any specified time and place. United States v. Davis, 202 F.2d 621 (7th Cir. 1953). This is exactly what did not happen in the present case, and the circumstances surrounding Williams' failure to appear do not relieve the surety from the forfeiture declared.

■ Secondly, the record below reflects that all concerned parties were aware of the March hearing on the government's motion for default, and the surety made no attempt to be present or to in any way show the court that a default judgment should not be entered. After the default judgment had been entered, the bonding company tardily took notice of the matter and filed a motion to set the judgment aside.

Its motion was heard orally and upon written briefs. Neither then, nor in this court, has the surety ever offered any reason for its failure to appear and present any defenses it may have had to the forfeiture of the bond. Upon such circumstances it is not entitled to relief from the judgment enforcing the forfeiture, see United States v. Fletcher, 279 F. 160 (W.D.Tex.1922); Fed.R.Crim.P. 46(f) (4). Under the provisions of Rule 46, the setting aside of a forfeiture and remission thereafter are not matters of right, but are discretionary with the court, and the only question before us is whether the court below abused its discretion in determining that justice required enforcement of the forfeiture. Babb v. United States, *supra,* 414 F.2d at 724. No abuse of discretion appears here.

In view of this conclusion, no other issue raised on this appeal need be reached.

Affirmed.